James M. HANNINGTON

v.

The STATE of Texas, Appellee.

No. 71449.

Court of Criminal Appeals of Texas,
En Banc.

June 3, 1992.

Charlotte K. Lang, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, § 2, V.A.C.C.P. Applicant was convicted of the offense of theft and two cases of credit card abuse. He was sentenced to ten years in the penitentiary in Case No. 89–CR–5,249 (theft) and given credit for 48 days in jail; six years in Case No. 87–CR–3,766 (credit card abuse) and given credit for 56 days in jail; and six more years in Case No. 87–CR–2,073 (credit card abuse) and was given credit for 69 days in jail. The sentence in Case No. 87–CR–3,766 is to be served consecutively to the sentence in Case No. 89–CR–5,249 and the sentence in Case No. 87–CR–2,073 is to be served consecutively to the sentence in Case No. 87–CR–3,766. Applicant now contends that the Texas Department of Criminal Justice, Institutional Division, is improperly refusing to credit him with all periods in confinement prior to sentencing in each cause.

Article 42.03, § 2(a), V.A.C.C.P., provides that a defendant shall be given credit on his sentence for the time he has spent in jail in that cause from the time of his arrest and confinement until he was sentenced by the trial court. Art. 42.18, § 8(b), V.A.C.C.P., now requires that parole eligibility shall be calculated separately for each sentence when a prisoner is sentenced to consecutive felony sentences under Art. 42.08, V.A.C.C.P. However, the bill enacting this provision mandated that it would apply only where all elements of each of the offenses for which the consecutive sentences were imposed were committed on or after September 1, 1987. Acts 1987, 70th Leg., ch. 384, § 8. When consecutive sentences are not affected by the 1987 amendment to Art. 42.18, § 8(b), V.A.C.C.P., the sentences are added together and treated as one sentence. See Art. 6181–1, V.A.C.S. (repealed 1989).[1]

---

1. As the convictions in the two 1987 cases are for offenses which occurred before the effective date of the 1987 amendment, Applicant's case is not affected by such amendment.

*Ex parte Bynum,* 772 S.W.2d 113 (Tex. Cr.App.1989), held that where these amendments to Art. 42.18, § 8(b) do not apply, an individual is entitled to credit on both sentences for periods a detainer was lodged pretrial for one offense while the defendant was incarcerated on the other, if the sentences were subsequently ordered to be served consecutively. *Bynum* rejected the State's contention that such a construction effectively awarded a prisoner double credit when he had only served one period in custody.

Records reflect that the Texas Department of Criminal Justice, Institutional Division, is interpreting *Bynum* as applying only where a detainer has been lodged. *Bynum* requires that credit be given for all time in jail prior to sentence in each cause, as required by Art. 42.03, § 2, even if the effect is to give "double credit" when the sentences are consecutive and the prisoner was detained on more than one cause at the same time. The existence of a detainer is merely one means of establishing incarceration on a particular cause. No formal detainer is required if it is established by some other means that the prisoner was detained in that cause, *Ex parte Kuban,* 763 S.W.2d 426 (Tex.Cr.App.1989), and *Bynum* was not limited to detainer situations.

In this case, Applicant's sentences have been cumulated, and the 1987 amendments of Art. 42.18, § 8(b) do not apply because the offenses in two credit card abuse cases were committed before September 1, 1987. Therefore, credit for all time in jail prior to sentence in *each* cause should also be cumulated. No "double credit" is required, however, for periods subsequent to the date of sentencing.[2]

The record in this case affirmatively supports Applicant's contentions, and he is entitled to relief. He is being credited with an average of the jail credit given in the three different cases. Applicant is entitled to 173 days of jail credit, but has only been given credit for 58 days. Accordingly, the Texas Department of Criminal Justice, Institutional Division shall add the total pretrial credits in each cause then apply the total to the date of sentencing for the theft conviction to determine Applicant's appropriate "sentence begin date." A similar procedure shall be followed to determine the sentence begin date in all future cases involving similar facts.

---

**2.** All three convictions were entered on the same date.