OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 10, 2001

The Honorable James M. Kuboviak
Brazos County Attorney
300 East 26th Street, Suite #325
Bryan, Texas 77803

Opinion No. JC-0393

Re: Whether a defendant convicted of multiple class C misdemeanors who defaults on the fines and court costs he or she is sentenced to pay and who is therefore confined discharges the fines and court costs concurrently or consecutively, and related questions (RQ-0338-JC)

Dear Mr. Kuboviak:

You ask three questions on behalf of the Brazos County Sheriff's Office. You ask first whether a misdemeanant convicted of multiple class C offenses who fails to pay fines or court costs serves terms of confinement for default concurrently or consecutively.[1] Consistently with article 43.03(b) of the Code of Criminal Procedure, we conclude that a misdemeanant who is confined when a court orders a term of confinement to enforce the discharge of a fine or costs on another conviction serves the confinements concurrently unless the court orders otherwise. *See* TEX. CODE CRIM. PROC. ANN. art. 43.03(b) (Vernon Supp. 2001). If the defendant is ordered to be confined to enforce the discharge of multiple fines or costs when he or she is not confined, however, the confinements are served consecutively. You ask second whether, if we determine that the fines and court costs are discharged consecutively, the justice of the peace must send a written judgment to the jail stating as much. *See* Request Letter, note 1, at 1; Brief, note 1, at 4. With respect to those cases where fines or costs are discharged consecutively, we conclude that the order must comport with article 42.08 of the Code of Criminal Procedure and must contain five elements that Texas courts have listed on numerous occasions. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2001); *see, e.g., Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (en banc). You ask third whether, when a convicted defendant spends time in jail on multiple class C misdemeanor charges prior to being sentenced, the jail time runs concurrently or consecutively. *See* Request Letter, *supra* note 1, at 1. We conclude that an individual convicted of multiple misdemeanors must be credited as though the time ran concurrently. *See Hannington v. State*, 832 S.W.2d 355, 356 (Tex. Crim. App. 1992) (en banc) (per curiam).

---

[1]*See* Letter from Honorable James M. Kuboviak, Brazos County Attorney, to Honorable John Cornyn, Texas Attorney General (Jan. 11, 2000) (on file with Opinion Committee) [hereinafter Request Letter]; Brief attached to Request Letter at 1 [hereinafter Brief].

Because a defendant charged with a class C misdemeanor may be tried in a justice or municipal court, we examine first chapter 45 of the Code of Criminal Procedure. *See* TEX. CONST. art. V, § 19 (providing justice court with "original jurisdiction in criminal matters of misdemeanor cases punishable by fine only"); TEX. CODE CRIM. PROC. ANN. arts. 4.11(a), 4.14(a) - (c) (Vernon Supp. 2001) (delimiting jurisdiction of justice and municipal courts); Tex. Att'y Gen. Op. No. JC-0246 (2000) at 2 (stating that "only justice and municipal courts have jurisdiction of Class C misdemeanors"). Chapter 45 generally sets out the procedures a justice or municipal court must follow in trying a class C misdemeanor case. *See* TEX. CODE CRIM. PROC. ANN. art. 45.002 (Vernon Supp. 2001). But where chapter 45 "does not provide a rule of procedure governing" an aspect of the case, the court must apply one of the Code of Criminal Procedure's general provisions "to the extent necessary to achieve" chapter 45's objectives, which include providing defendants with due process and ensuring appropriate dignity and predictability in the court. *Id.*; *see id.* art. 45.001 (stating objectives).

Once convicted, a defendant found guilty of a class C misdemeanor may be sentenced to pay a fine not to exceed $500. TEX. PEN. CODE ANN. § 12.23 (Vernon 1994). *But see id.* § 12.43(c)(2) (Vernon Supp. 2001) (permitting certain repeat offenders to be confined); *see also id.* §§ 42.01, 49.02 (concerning disorderly conduct and public intoxication). The class C misdemeanant also may be required to pay certain court costs. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. arts. 102.002(c) (Vernon Supp. 2001) (stating that misdemeanant is "liable on conviction" for witness fees), .004(a) (requiring misdemeanant to pay jury fee), .009 (permitting commissioners court in county with population of two million or more to set court costs for class C misdemeanants). A misdemeanant who defaults in paying the fine or court costs may be confined in jail until the misdemeanant discharges the fine or costs "by law," but the misdemeanant may not be confined if the court finds that (1) the misdemeanant made a good-faith effort to discharge the fine and costs, or (2) the misdemeanant is indigent. *See id.* art. 45.046(a). *But see id.* art. 45.050(a) (prohibiting justice court from ordering child's confinement). Unless the defaulting misdemeanant subsequently pays the fine and costs, he or she must remain in jail long enough "to satisfy the fine and costs, at the rate of not less than $100 for each day or part of a day of jail time served."[2] *Id.* art. 45.048.

In the alternative, a court may enforce the discharge of a fine or costs using means that do not involve confinement. The justice or judge may, for instance, order that the fine and costs be collected against a misdemeanant who has defaulted by executing against the misdemeanant's property. *Id.* art. 45.047. Or the court may require a misdemeanant who has defaulted or who is indigent to perform community service "to discharge all or part of the fine or costs." *Id.* art. 45.049(a), (c). A misdemeanant who is required to perform community-service work discharges the fine or costs at the rate of $100 for each eight hours of service. *See id.* art. 45.049(e).

---

[2]House Bill 1955, which has been sent to the Governor, proposes to amend article 45.048 of the Code of Criminal Procedure to permit a court to vary the period of time, from eight hours to twenty-four hours, that a convicted defendant must remain confined to satisfy $100 of the fine and costs. *See* Tex. H.B. 1955, 77th Leg., R.S., § 1 (2001). If Governor Perry signs House Bill 1955, it will take effect on September 1, 2001. *See id.* § 3.

Because chapter 45 does not provide for a misdemeanant who defaults on multiple fines or costs, we look to "other general provisions of this code to the extent necessary to" serve the chapter's objectives. *Id.* art. 45.002; *see id.* art. 45.001 (listing chapter 45's objectives); *cf.* Tex. Att'y Gen. Op. No. JC-0246 (2000) at 3 (determining that chapter 45 provision that applies specifically to rate at which misdemeanant sentenced by justice or municipal court prevails over general, conflicting provision in chapter 43 of Code of Criminal Procedure). A brief attached to your letter assumes that the appropriate general provision is article 42.08 of the Code of Criminal Procedure. *See* Brief, *supra* note 1, at 1 ("The question posed is: Under [article] 42.08 . . . , when a defendant is serving time in jail for failure to pay the fines and court costs on multiple class C misdemeanor cases, are the fines and court costs . . . discharged concurrently or consecutively?"). The same brief assumes that article 43.03(b) does not apply. *See id.* at 4 ("Because there is no term of confinement for fine[-]only class C offenses . . . , [article 43.03(b)] does not apply . . . ."); *cf.* Tex. Att'y Gen. Op. No. JC-0246 (2000) at 1 (stating that chapter 43 constitutes general law that applies to executing judgment in criminal case). We examine each assumption.

Article 42.08 does not apply to this issue because it does not apply to confinement used to enforce the discharge of fines or costs. Article 42.08, titled "Cumulative or concurrent sentence," provides that a defendant who has been convicted of multiple offenses may serve the sentences concurrently or consecutively, depending upon the judgment:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article [which we assume do not apply here], in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2001); *cf.* TEX. PEN. CODE ANN. § 3.03(a) (Vernon Supp. 2001) (stating that when convicted criminal offender "is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action," sentences generally run concurrently). Attorney General Opinion JM-107 determines that article 42.08 applies to punitive confinement, but that it does not apply to confinement for the purpose of enforcing the payment of fines or costs: "Misdemeanors may be cumulated under article 42.08, but only where the punishment is confinement and not fines. . . . Fines imposed in two or more misdemeanors are not made concurrent when converted to imprisonment—they remain separate judgments to be discharged cumulatively." Tex. Att'y Gen. Op. No. JM-107 (1983) at 1 (citations omitted). As the Court of Criminal Appeals has intimated, confinements to enforce payment of multiple fines or costs run consecutively so that the misdemeanant may not satisfy many smaller

judgments by discharging the largest of the fines assessed against him or her. *See Ex parte Minjares*, 582 S.W.2d 105, 107 (Tex. Crim. App. 1978); *see also Ex parte Hall*, 258 S.W.2d 806, 807 (Tex. Crim. App. 1953), *cert. denied sub nom. Hall v. Ellis*, 348 U.S. 930, 349 U.S. 966 (1955), 351 U.S. 955 (1956); *Ex parte Banks*, 53 S.W. 688, 689 (Tex. Crim. App. 1899); *Veteto v. State*, 8 S.W.3d 805, 817 (Tex. App.–Waco 2000, pet. ref'd) (construing section 3.03 of Penal Code); *Rocky Mountain v. State*, 789 S.W.2d 663, 664-65 (Tex. App.–Houston [1st Dist.] 1990, pet. ref'd) (same).

You question whether Attorney General Opinion JM-107 remains a correct statement of the law in light of amendments made to article 42.08 since the opinion was issued. *See* Brief, *supra* note 1, at 2. If the opinion is no longer correct, you suggest, then article 42.08 applies to confinements ordered to enforce the discharge of multiple fines or costs as well as to punitive confinement. When this office issued Attorney General Opinion JM-107 in 1983, article 42.08 applied only to a defendant sentenced to confinement in an institution operated by the Department of Corrections or in jail:

> When the same defendant has been convicted in two or more cases, *and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment,* . . . the judgment in the second and subsequent convictions may either be that the punishment shall [run consecutively or concurrently].

Act of May 27, 1965, 59th Leg., R.S., ch. 722, art. 42.08, 1965 Tex. Gen. Laws 317, 486-87 (emphasis added), *amended by* Act of Apr. 2, 1985, 69th Leg., R.S., ch. 29, § 1, 1985 Tex. Gen. Laws 404, 404; Act of May 28, 1987, 70th Leg., R.S., ch. 513, § 1, 1987 Tex. Gen. Laws 2125, 2125; Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.11, 1989 Tex. Gen. Laws 3471, 3495; Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.03, 1993 Tex. Gen. Laws 3586, 3752. In 1987 the legislature amended article 42.08 to delete the phrase italicized above. *See* Act of May 28, 1987, 70th Leg., R.S., ch. 513, § 1, 1987 Tex. Gen. Laws 2125, 2125. You aver that this deletion effectively overrules Attorney General Opinion JM-107's conclusion with respect to confinement ordered to enforce the discharge of a fine or costs. *See* Brief, *supra* note 1, at 2.

We affirm Attorney General Opinion JM-107's conclusion that article 42.08 of the Code of Criminal Procedure does not apply to a confinement ordered to enforce the discharge of multiple fines or costs. None of the amendments to article 42.08 that have been adopted since Attorney General Opinion JM-107 was issued, including the 1987 amendment to which you refer, affect this conclusion. *See* Act of Apr. 2, 1985, 69th Leg., R.S., ch. 29, § 1, 1985 Tex. Gen. Laws 404, 404; Act of May 28, 1987, 70th Leg., R.S., ch. 513, § 1, 1987 Tex. Gen. Laws 2125, 2125; Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.11, 1989 Tex. Gen. Laws 3471, 3495; Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.03, 1993 Tex. Gen. Laws 3586, 3752. The 1987 amendment, in particular, deleted article 42.08's references to imprisonment apparently to permit a court to specify whether probated sentences—not just confinements—would be cumulatively or concurrently served "with other probated sentences or imprisonments." HOUSE COMM. ON CRIMINAL JURISPRUDENCE,

BILL ANALYSIS, Tex. H.B. 554, 70th Leg., R.S. (1987); *accord* HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. H.B. 554, 70th Leg., R.S. (1987). Nothing suggests that the legislature in 1987 intended to affect Attorney General Opinion JM-107. Moreover, as recently as last year, the Texas Court of Appeals has restated the "long[-]standing rule . . . that fines are cumulated." *Veteto*, 8 S.W.3d at 817; *see also Rocky Mountain*, 789 S.W.2d at 665 ("[O]ur research of the law controlling the cumulation of 'sentences' reveals that fines have been cumulated in those same cases where prison sentences are required to run concurrently."). Accordingly, we affirm that article 42.08 of the Code of Criminal Procedure applies to punishment, not to terms of confinement to which a misdemeanant is subjected to enforce the discharge of multiple fines or costs.

Nevertheless, Attorney General Opinion JM-107 has been superseded by amendments to article 43.03(b) of the Code of Criminal Procedure to the extent the opinion indicates that a misdemeanant who is confined to enforce the discharge of a fine or costs in connection with one offense and who, during confinement, is ordered to serve another term of confinement for another default serves the terms consecutively. Article 43.03(b)—in its second sentence—directs that a convicted defendant who, while serving a term of confinement for default or for punishment, is ordered to serve another term of confinement for default serves the terms concurrently unless the court orders that the confinements run consecutively:

> A term of confinement for default in payment of fine or costs or both may not exceed the maximum term of confinement authorized for the offense for which the defendant was sentenced to pay the fine or costs or both. If a court orders a term of confinement for default in payment of fines or costs under this article *at a time during which a defendant is serving another term of confinement* for default or is serving a term of confinement for conviction of an offense, the term of confinement for default runs concurrently with the other term of confinement, unless the court orders the terms to run consecutively under Article 42.08 of this code.

TEX. CODE CRIM. PROC. ANN. art. 43.03(b) (Vernon Supp. 2001) (emphasis added). The second sentence was added to article 43.03(b) in 1993, ten years after Attorney General Opinion JM-107 was issued. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.04, art. 43.03, 1993 Tex. Gen. Laws 3586, 3756; Tex. Att'y Gen. Op. No. JM-107 (1983). Because of the 1993 amendment to article 43.03(b), a defendant convicted of multiple class C misdemeanors, who defaults on one sentence and is confined for the default, and who then defaults on another sentence serves the terms of confinement concurrently unless the court orders otherwise.

But article 43.03(b) does not supersede Attorney General Opinion JM-107 insofar as the opinion concludes that a defendant who is not confined when he or she is ordered to be confined for multiple defaults must serve the confinements consecutively. Article 43.03(b)'s second sentence plainly limits its application to a convicted defendant who "is serving another term of confinement" at the time an order is issued requiring further confinement to enforce payment of a fine or costs; it

does not refer to a convicted defendant who is not confined when the subsequent confinement order is issued.

This is a curious result. Your brief, for example, outlines various situations in which a defaulting class C misdemeanant may be confined. *See* Brief, *supra* note 1, at 3, 6-7. In one traffic stop, a defendant may be cited for, and ultimately convicted of, multiple misdemeanors: speeding, running a stop sign, failure to present a driver's license, and failure to maintain financial responsibility. *Cf. id.* at 6; *Atwater v. City of Lago Vista*, 2001 WL 408925 (U.S. 2001) (stating that, in one traffic stop, defendant "charged with driving without her seatbelt fastened, failing to secure her children in seatbelts, driving without a license, and failing to provide proof of insurance). Given that the defendant in such a case, if he or she is going to default on fines or costs ordered in the case, may default on all of them at the same time, it is likely he or she will be ordered to confinement for all of the defaults at the same time, while the defendant is presumably not being confined. In this instance, article 43.03(b) would not apply, and under the rationale of Attorney General Opinion JM-107 and the cases cited therein, the defendant would serve the confinements consecutively. In other cases, a defendant may be convicted of misdemeanors arising from offenses occurring at different times and may be confined for defaulting on one of the early offenses when he or she is ordered to be confined for defaulting on a later offense. In this instance, article 43.03(b) directs that the confinements be served concurrently unless the judge orders otherwise.

Nevertheless, we construe article 43.03(b) consistently with its unambiguous language, although the legislature may have intended that the two classes of defaulting misdemeanants be treated the same. A bill analysis discussing the 1993 legislation that added the second sentence of article 43.03(b) suggests a purpose broader than the statute's plain language suggests: "[Article 43.03(b)] specifies that a term of confinement for default runs concurrently with other terms of confinement unless the court orders the terms to run consecutively." HOUSE COMM. ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, Tex. C.S.S.B. 1067, 73d Leg., R.S. (1993); *see* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.04, art. 43.03, 1993 Tex. Gen. Laws 3586, 3756. But this whisper of a legislative intent to apply to all confinements for multiple defaults is a slim reed on which to adopt a construction contrary to the statute's plain language. Moreover, where a statute's plain language may differ from legislative intent, we interpret the statute consistently with its unambiguous language. As the Texas Court of Criminal Appeals has stated:

> When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. [Crim.] App. 1991). We focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. [*Id.*] Thus, if the meaning of the statutory text should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning. [*Id.*] The exception is when application of a statute's plain language would lead to absurd consequences that the legislature could not possibly have

intended; in such a case, we refer to extratextual factors to determine legislative intent. [*Id.*]

*Ex parte Ruthart*, 980 S.W.2d 469, 471 (Tex. Crim. App. 1998) (per curiam).

Your brief suggests that article 43.03 does not apply. Brief, *supra* note 1, at 4. Referring to the first sentence of subsection (b), you point out that "there is no term of confinement for fine only class C offenses under [section] 12.41 of the Texas Penal Code." *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 43.03(b) (Vernon Supp. 2001). You assume that the last sentence of subsection (b) is limited by the preceding sentence—the first sentence of subsection (b)—and that it does not apply to a class C misdemeanor.

We do not read the second sentence of section 43.03 to apply only to offenses for which confinement may be part of the punishment. Section 45.002 of the Code of Criminal Procedure instructs justice and municipal courts to refer to procedures in general provisions elsewhere in the code if chapter 45 does not provide a procedure, but only "to the extent necessary to achieve" chapter 45's objectives. *Id.* art. 45.002. Chapter 45 thus contemplates that a justice or municipal court may apply only part of a general provision; it need not apply a general provision in its entirety. Indeed, with respect to section 43.03(b), the first sentence directly conflicts with article 45.046, which expressly authorizes a court to order a defaulting misdemeanant to be confined in certain circumstances. *Compare id.* art. 43.03(b) ("A term of confinement for default in payment of fine or costs or both may not exceed the maximum term of confinement authorized for the offense for which the defendant was sentenced to pay the fine or costs or both.") *with id.* art. 45.046(a) ("When a judgment and sentence have been entered against a defendant and the defendant defaults in the discharge of the judgment, the judge may order the defendant confined in jail until discharged by law" if the judge makes certain determinations). By contrast, the second sentence of article 43.03(b) fills a gap in chapter 45 by providing a rule regarding the running of multiple terms of confinement for defaulting on a fine or costs. *See id.* art. 45.002 (directing court to apply "other general provisions" of Code of Criminal Procedure as necessary if chapter 45 "does not provide a rule of procedure governing any aspect of a case").

Consequently, to answer your first question, we conclude that a misdemeanant who defaults on the fines or costs ordered in connection with multiple class C misdemeanors and who is ordered to discharge the fines or costs by being confined, ordinarily serves the terms of confinement concurrently if the misdemeanant is already confined when he or she is so ordered. The court may, however, order the terms to run consecutively under article 42.08 of the Code of Criminal Procedure. *See id.* arts. 42.08, 43.03(b). And if the misdemeanant is not confined at the time of the order, he or she serves the terms consecutively.

In those cases where the fines or costs are to be discharged consecutively, you ask whether the justice of the peace (or municipal court judge) must send a judgment to the jail stating as much. *See* Request Letter, *supra* note 1, at 1. Given the answer to your first question, this question may arise in two circumstances: first, where the misdemeanant is confined at the time he or she is

ordered to be confined to discharge fines or costs, but the court, in accordance with article 43.03(b) of the Code of Criminal Procedure "orders the terms to run consecutively under Article 42.08 of this code"; and second, where the misdemeanant is not confined when he or she is ordered to pay multiple fines or costs on which he or she has defaulted.

In either case, the justice's or judge's order must comport with article 42.08 of the Code of Criminal Procedure. Chapter 45 does not provide a procedure that specifically applies to justice and municipal courts; as a result, in accordance with section 45.002, we look to "other general provisions" of the Code of Criminal Procedure for appropriate guidance. *See* TEX. CODE CRIM. PROC. ANN. § 45.002 (Vernon Supp. 2001); *cf.* Tex. Att'y Gen. Op. No. JC-0246 (2000) at 3. Section 43.03(b) explicitly points to article 42.08. *See* TEX. CODE CRIM. PROC. ANN. art. 43.03(b) (Vernon Supp. 2001). Under article 42.08, the court's order in a case involving multiple defaults or a default subsequent to a default for which the defendant is already confined should indicate that the confinements will run consecutively or concurrently. *See id.* art. 42.08(a).

The Texas Court of Criminal Appeals has provided additional guidance for cumulation orders. *See Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (en banc); *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (en banc); *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975). The court recommends that a cumulation order contain five elements: (1) the prior conviction's trial court number; (2) the correct name of the court where the prior conviction was taken; (3) the prior conviction's date; (4) the prior conviction's term; and (5) the prior conviction's nature. *See Banks*, 708 S.W.2d at 461; *accord Ex parte San Migel*, 973 S.W.2d at 311; *Ward*, 523 S.W.2d at 682; *Hoitt v. State*, 30 S.W.3d 670, 674 (Tex. App.–Texarkana 2000, pet. filed). Moreover, "[a] cumulation order should be sufficiently specific to allow prison officials and the defendant to identify the prior conviction with which the newer conviction is cumulated." *Hoitt*, 30 S.W.3d at 675. Because these recommended elements apply to cumulated sentences, a justice of the peace or municipal court judge may need to adapt them to a situation in which a misdemeanant is ordered to cumulative confinements to enforce the discharge of fines or costs.

Finally, you ask whether the time that a class C misdemeanant may have spent in jail prior to sentencing runs concurrently or consecutively. *See* Request Letter, *supra* note 1, at 1. If the time runs concurrently, then it is applied to each charge for which the defendant is convicted. Assume, for example, that a defendant who has been convicted of multiple misdemeanor offenses discharges fines and costs at the rate of $100 "for each day or part of a day of jail time served." *See* TEX. CODE CRIM. PROC. ANN. art. 45.048 (Vernon Supp. 2001). The defendant spends one day in jail prior to sentencing and is convicted of five class C offenses related to a single traffic stop. For each conviction, the misdemeanant is sentenced to a $100 fine. If the presentence time is applied as though it ran concurrently, the defendant has already discharged all five fines by the presentence jail time. Conversely, if the time runs consecutively, it is applied to the total amount of fines or costs. Using the same example, the misdemeanant who spent one day in jail prior to being sentenced to pay a $100 fine for each of five misdemeanor convictions has discharged only $100 of the total $500 in fines. The misdemeanant must discharge the remaining $400 in fines upon sentencing.

An individual who is convicted of multiple class C misdemeanors and who was confined before sentencing must be credited upon conviction as though the sentences ran concurrently. A justice or judge must "credit the defendant for time served in jail" as article 42.03 of the Code of Criminal Procedure directs. *Id*. art. 45.041(c). Under article 42.03, the defendant must be credited "for the time that the defendant has spent in jail" before the sentencing, "other than confinement served as a condition of community supervision." *Id*. art. 42.03(2)(a). On multiple occasions, the Texas Court of Criminal Appeals has determined that the defendant receives credit on all sentences for the period of time the defendant was incarcerated prior to sentencing. *See Hannington*, 832 S.W.2d at 356; *Ex parte Bynum*, 772 S.W.2d 113, 115-16 (Tex. Crim. App. 1989) (en banc) (per curiam). In other words, in accordance with Texas Court of Criminal Appeals' decisions, the defendant must be credited on each sentence for the time he or she was confined prior to sentencing as though the time ran concurrently. *See Hannington*, 832 S.W.2d at 356; *Ex parte Bynum*, 772 S.W.2d at 115-16.

## S U M M A R Y

A misdemeanant who is confined when a court orders a term of confinement to enforce the discharge of a fine or costs on a second conviction serves the confinements concurrently unless the court orders the terms to be served consecutively under article 42.08 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.08, 43.03(b) (Vernon Supp. 2001). On the other hand, if the misdemeanant is ordered to be confined to enforce the discharge of multiple fines or costs when he or she is not confined, the confinements are served consecutively. If fines or costs are discharged consecutively, the court's order must indicate that the confinements will run consecutively. *See id.* art. 42.08(a). The court's order also should contain five elements, which may be adapted to the circumstances of a confinement to enforce a default: (1) the prior conviction's trial court number; (2) the correct name of the court where the prior conviction was taken; (3) the prior conviction's date; (4) the prior conviction's term; and (5) the prior conviction's nature. *See Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (en banc).

A defendant convicted of multiple class C misdemeanors receives credit for time spent in confinement prior to sentencing on each of the sentences as though the time ran concurrently. *See Hannington v. State*, 832 S.W.2d 355, 356 (Tex. Crim. App. 1992) (en banc) (per curiam); *Ex parte Bynum*, 772 S.W.2d 113, 115-16 (Tex. Crim. App. 1989) (en banc) (per curiam).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee