Ex parte John Wayne HUDSON.

No. 69142.

Court of Criminal Appeals of Texas,
En Banc.

June 8, 1983.

George E. Gilkerson, Lubbock, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P.

The record reflects that on April 5, 1976, applicant was convicted of the offense of credit card abuse. Punishment was assessed at six years. Applicant's conviction was affirmed on direct appeal to this Court in our Cause No. 53,687 in a per curiam opinion delivered April 13, 1977.

In the instant application, applicant maintains that he has been denied jail time credit on his sentence. He argues that he is entitled to the jail time credit under the provisions of Article 42.03, V.A.C.C.P.

The trial court held an evidentiary hearing in connection with the instant application. At the conclusion of that hearing, the court entered findings of fact and conclusions of law and recommended that applicant be awarded a portion of the jail time credit which he is seeking.

The record in the instant cause reflects that applicant was arrested for the offense of credit card abuse in Taylor County on January 28, 1976. He remained in custody until the date of his conviction on April 5, 1976. Applicant has been awarded jail time credit by the trial court from the period of January 28, 1976 until April 5, 1976.

Following his conviction, applicant remained in the Taylor County jail until April 29, 1976, when he was transferred to the Tarrant County jail in relation to pending burglary charges. At the time he was transferred to the Tarrant County jail, Taylor County authorities placed a detainer on him. On October 4, 1976, the Tarrant County charges were dismissed. The record further reflects that on October 5, 1976, Tarrant County authorities erroneously released applicant despite the existence of the detainer placed on him by Taylor County authorities. The trial court found that the erroneous action by Tarrant County authorities was not due to any fault on the part of applicant.

Following his release by Tarrant County authorities, applicant moved to the state of New Mexico. On April 13, 1977, this Court affirmed applicant's conviction for credit card abuse from Taylor County. On May 3, 1977, the mandate of this Court issued.

On January 20, 1981, applicant was arrested in Roswell, New Mexico and held in relation to his Taylor County conviction for credit card abuse. Applicant made bond the day he was arrested in New Mexico. Applicant remained on bond in connection with the extradition proceedings brought by Taylor County until he was finally transferred to the Texas Department of Corrections on July 27, 1981.

Under the provisions of Article 42.03, Sec. 3, if a defendant appeals his conviction, the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail pending disposition of his appeal, provided that the defendant is not released on bail and is retained in a local jail. Therefore, under Article 42.03,

Sec. 3, supra, applicant is entitled to jail time credit from the date of his conviction, April 5, 1976, until his transfer to the Tarrant County jail on April 29, 1976.

■ This Court has recognized that entitlement to jail time credit may be based upon either actual or constructive custody. *Ex parte Jasper,* 538 S.W.2d 782 (Tex.Cr. App.1976). Based upon the existence of the detainer placed upon applicant by Taylor County authorities with the Tarrant County authorities, applicant was in the constructive custody of Taylor County and is entitled to jail time credit from the date he arrived in Tarrant County on April 29, 1976, until he was released by Tarrant County authorities on October 5, 1976.

■ In *Ex parte Esquivel,* 531 S.W.2d 339 (Tex.Cr.App.1976), this Court held that when a prisoner is erroneously released due to no fault of his own, he is entitled to flat time credit for the time he was out of custody. The record in the instant cause shows that applicant was erroneously released by Tarrant County authorities, through no fault of his own, on October 5, 1976. Applicant was out of custody until he was arrested in Roswell, New Mexico on January 20, 1981. Therefore, we find that the record supports the recommendation of the trial court that applicant is entitled to flat time credit from the period of October 5, 1976 until January 20, 1981.

■ Finally, applicant urges that he is entitled to the jail time credit from the time of his arrest in New Mexico, on January 20, 1981, until his transfer to the Texas Department of Corrections on July 27, 1981. It is undisputed that applicant was not in custody during this period of time. Applicant had made bond in connection with the extradition proceedings sought by Taylor County authorities. We find that applicant is not entitled to jail time credit under the provisions of Article 42.03, Sec. 3, supra, for the period of time he spent in the state of New Mexico contesting the Taylor County extradition proceeding.

The relief sought relative to the conviction in Cause No. 5152-B in the 104th Judicial District Court of Taylor County is granted in part. Applicant is entitled to flat time credit from the period of April 6, 1976, until January 20, 1981. Additionally, applicant is entitled to consideration for good time credit for the period of April 5, 1976, until October 5, 1976. See *Ex parte Williams,* 551 S.W.2d 416 (Tex.Cr.App.1977).

IT IS SO ORDERED.