Ex parte Doris Jean SMILEY a/k/a Karen Johnson.

No. 69790.

Court of Criminal Appeals of Texas, En Banc.

May 27, 1987.

Curtis C. Mason, Huntsville, for appellant.

Brad Underwood, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

OPINION

W.C. DAVIS, Judge.

Applicant files this application for a post conviction writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. She requests credit for all time served since the pronouncement of her sentence, including time served in jail as well as time "served" while released under mandatory supervision.

The facts pertinent to the allegations are as follows:

(1) On September 26, 1980, applicant was released from the Texas Department of Corrections to mandatory supervision. See Article 42.18, Sec. 8(c). On January 4, 1983, she was arrested and charged with the instant offense, voluntary manslaughter, committed on January 2, 1983.

(2) On March 3, 1983, while applicant was awaiting trial on the voluntary manslaughter charge, Cause No. 83–D099–CR–400,105 in the 99th District Court of Lubbock County, her release under mandatory supervision was revoked.

(3) A jury convicted applicant of voluntary manslaughter and assessed punishment at fifteen years confinement. The court pronounced sentence in the case on May 3, 1983.

(4) Applicant was returned to the Texas Department of Corrections, apparently, on June 10, 1983. However, the trial court found that, for some reason, neither the judgment and sentence from the voluntary manslaughter conviction nor a detainer in the case was sent to the Department of Corrections. Applicant was apparently confined pursuant to the revocation of mandatory supervision related to an earlier offense.

(5) The trial court's findings of fact and conclusions of law state that applicant was released to mandatory supervision again on March 14, 1984.

(6) Applicant was arrested on July 3, 1985, in Wichita County, released on July 4, 1985, and re-arrested on July 26.

(7) On January 10, 1986, applicant pleaded guilty to forgery in the Wichita County cause and was sentenced to three years confinement.

(8) Although not documented in the record, the trial court states in the findings of fact and conclusions of law, that the Court of Appeals affirmed the voluntary manslaughter conviction on July 29, 1985, and that the mandate "may have been sent to the Department of Corrections on January 10, 1986."

(9) The trial court found that applicant has been granted credit for jail time such that the sentence for the voluntary manslaughter began on May 20, 1985.

Applicant contends that she is entitled to credit on the voluntary manslaughter conviction for all of the time since the sentence was pronounced, including the time for which she was released on mandatory supervision under an unrelated charge.

Although not clear from the record before us, it appears that the judgment and sentence in the voluntary manslaughter conviction were never sent to the Department of Corrections as they should have been. See Art. 42.09, Sec. 3 and Sec. 8, V.A.C.C.P. After sentencing was pronounced in the voluntary manslaughter case, applicant was committed to the Department of Corrections pursuant to the revocation of mandatory supervision for an earlier offense. Through no fault or acts of applicant, she was released again a year later on mandatory supervision, with the Department of Corrections apparently still unaware of the fifteen-year sentence in the voluntary manslaughter case. Applicant's fifteen-year sentence runs concurrent with her other convictions since there is no notation ordering cumulation. See Art. 42.-08(a), V.A.C.C.P.

The instant case is much like *Ex parte Esquivel*, 531 S.W.2d 339 (Tex.Cr.App. 1976), where, as a result of a clerical error on the part of a district clerk's office, the Department of Corrections was never notified that the defendant had been sentenced to life imprisonment in one case. We held that the defendant was entitled to "flat time" credit as of the date of formal sentencing in that case, since she was erroneously released due to no fault of her own. Further, the defendant was entitled to "good time" credits accumulated during

her commitments to the Department of Corrections for other offenses, just as if she had been continuously serving the life sentence. See also *Ex parte Hudson*, 655 S.W.2d 206 (Tex.Cr.App.1983).

We hold, consistent with *Ex parte Esquivel*, supra, and *Ex parte Hudson*, supra, that applicant is entitled to "flat time" credit from May 3, 1983, the date of the pronouncement of sentence in Cause No. 83–D099–CRO–400,105 in the 99th District Court of Lubbock County, to the present time. Since the trial court, in accord with Art. 42.03, V.A.C.C.P., has already granted applicant credit from January 4, 1983, to June 10, 1983—the time served in jail prior to conviction and the time served after sentencing up to the date she was transferred to the Department of Corrections pursuant to the revocation of mandatory supervision—applicant's credit will actually start from June 10, 1983. In addition, she is entitled to "good time" credits accumulated during her prior commitments in the Texas Department of Corrections since the date of the pronouncement of sentence, May 3, 1983.

It is so ordered. Copies of the opinion shall be sent to the Texas Department of Corrections.