

# THE ATTORNEY GENERAL
# OF TEXAS

June 26, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Russell P. Brooks  
Hunt County Attorney  
P. O. Box 1097  
Greenville, Texas    75401

Opinion No.   JM-730

Re:   Responsibility for medical expenses incurred on behalf of an indigent prisoner transferred from a county jail to the Texas Department of Corrections on a bench warrant

Dear Mr. Brooks:

You ask about payment of medical expenses for an indigent prisoner incarcerated in a county jail. Specifically, you ask about a prisoner who was serving a sentence in the Texas Department of Corrections (TDC) and was transferred from TDC to a county jail, pursuant to a bench warrant, in order to stand trial on a felony charge. While he was in the county jail, his jaw was broken and he underwent surgery at a local hospital. You ask whether TDC or the county jail is liable for his medical expenses.

Article 6166g, V.T.C.S., provides:

> The Texas [Board of Corrections], together with the [director] hereinafter provided for, shall be vested with the exclusive management and control of the [Department of Corrections], and all properties belonging thereto, subject only to the limitations of this Act, and shall be responsible for the management of the affairs of the [Department of Corrections] and for the proper care, treatment, feeding, clothing and management of the prisoners confined therein.

That statute requires TDC to provide medical care for "prisoners confined therein." See generally Attorney General Opinion JM-580 (1986).

Article 104.002(a) of the Code of Criminal Procedure governs liability for expenses for the care of persons incarcerated in county jails:

> Except as otherwise provided by this article, a county is liable for all expenses incurred in the safekeeping of prisoners <u>confined in the county jail or kept under guard</u> by the county. If a prisoner is transferred to a county from another county on a change of venue, for safekeeping, or for a habeas corpus hearing, the county transferring the prisoner is liable for the expenses described by this article. (Emphasis added).

Article 104.002(a) makes counties liable for medical care provided to indigent prisoners confined in county jail. Attorney General Opinion Nos. JM-643 (1987); JM-487 (1986); H-703 (1975); M-870 (1971).

The prisoner in question was transferred from TDC to the county jail pursuant to a bench warrant. A bench warrant is the common law writ used to bring a convict confined in the penitentiary to trial in another case. Ex parte Lowe, 251 S.W. 506, 507 (Tex. Crim. App. 1923); Gaines v. State, 53 S.W. 623, 624 (Tex. Crim. App. 1899). Both article 6166g, V.T.C.S., and article 104.002 of the Code of Criminal Procedure discuss liability for prisoners "confined in" prisons and jails, respectively. The ordinary meaning of "to confine" is "to restrain within limits." Webster's New International Dictionary (2d ed.). Words in statutes should be given their ordinary meanings. Gov't. Code art. 10(1), §311.011(a). Therefore, we construe "confined" in article 6166g and article 104.002 to refer to a prisoner's physical presence in a prison or jail. Thus, the prisoner in question was no longer "confined in" TDC while he was in the county jail. Cf. Ex parte Hudson, 655 S.W.2d 206, 208 (Tex. Crim. App. 1983) (prisoner may receive credit toward TDC sentence for time spent in county jail if TDC places a "hold" on prisoner); Ex parte Alvarez, 519 S.W.2d 440, 443 (Tex. Crim. App. 1975). Rather, he was "confined in" the county jail. See also Code Crim. Proc. art. 104.002 (specifically excepting prisoners brought from another county on a change of venue, for safekeeping, or for a habeas corpus hearing). Therefore, article 104.002 of the Code of Criminal Procedure rather than article 6166g, V.T.C.S., governs liability for medical expenses of the indigent prisoner you describe.

You also ask whether the enactment in 1985 of the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., affects our answer to your question. Both article 104.002 of the Code of Criminal Procedure and article 6166g are specific statutes governing indigent health care in specific situations. The Indigent Health Care Act governs indigent health care generally. We concluded in Attorney General Opinion JM-643 (1987) that the Indigent Health Care Act does not affect the application of article 104.002 of the Code of Criminal Procedure. Similarly, we conclude that the Indigent Health Care Act does not

affect the application of article 6166g, V.T.C.S.  See American Canal Co. of Texas v. Dow Chemical Co., 380 S.W.2d 662, 666 (Tex. Civ. App. - Houston 1964, writ dism'd).

S U M M A R Y

A county is liable for the medical expenses of a prisoner confined in county jail who was transferred from the Texas Department of Corrections to the county jail pursuant to a bench warrant.

Very truly yours

JIM   MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General