Ex parte Greg A. KUBAN.

No. 70701.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 11, 1989.

Curtis C. Mason, Huntsville, for appellant.

John B. Holmes, Jr., Dist. Atty., and Brigitte L. Peters, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Applicant is before this Court pursuant to his application for postconviction writ of habeas corpus. V.A.C.C.P. Art. 11.07. Applicant contends that he is being denied credit for time spent in a California jail. Under the circumstances presented here, we will grant the relief he requests.

The record reflects that on June 28, 1984, applicant was placed on deferred adjudication for ten years after pleading guilty to the offense of aggravated assault in cause number 402587. On August 7, 1985, the State moved to adjudicate guilt, and on December 23, 1985, applicant was arrested in San Francisco, California, on a fugitive warrant from Harris County. On March 2, 1986, he was picked up by Texas officials, and on April 4, 1986, applicant subsequently pleaded "true" to the offenses of "Failure to Report to Probation Officer as Directed" and "Failure to Report Change of Residence" and was sentenced to eight years confinement in the Texas Department of Corrections. Applicant was given credit for the thirtyfour days spent in the Harris County Jail from March 2 through April 4, 1986. Applicant claims he is also entitled to the time spent in the San Francisco Jail while awaiting transport back to Texas. Prior to filing this application, he sought an Order Nunc Pro Tunc to correct his sentence, but it was denied by the trial court.[1]

Applicant is entitled to credit for time spent in jail from the time of his arrest and confinement until his sentence by the trial court. V.A.C.C.P. Art. 42.03 § 2(a).[2] Our Legislature, by enacting Art. 42.03 § 2(a), supra, has made such an award mandatory. *Ex Parte Green,* 688 S.W.2d 555 (Tex.Cr. App.1985). Although not instigated for punitive purposes, pretrial confinement does have a punitive effect; *ergo,* "to compensate for this deprivation the Legislature provided that whenever that detainee is ultimately assessed a term of imprisonment the convicting court shall grant credit to his sentence for time spent in pretrial de-

---

1. We have previously held that "where a defendant has been denied credit for jail time to which he is entitled, the trial court may enter appropriate nunc pro tunc orders authorizing credit for the appropriate time." *Shaw v. State,* 539 S.W. 2d 887, 890 (Tex.Cr.App.1976).

2. Art. 42.03 § 2(a) provides that "[i]n all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court."

tention...." *Ex Parte Green*, supra, at 557.

We have also held that a detainee is entitled to credit for time spent in jail when confined by another jurisdiction "on said cause" if a detainer or hold has been lodged against him. E.g., *Nixon v. State*, 572 S.W.2d 699, 701 (Tex.Cr.App.1978) (Defendant confined in Liberty County jail was not entitled to credit for time spent there for cause pending in Polk County absent detainer or hold lodged against him in said cause); *Ex Parte Hudson*, 655 S.W.2d 206, 208 (Tex.Cr.App.1983) (Where defendant was convicted in Taylor County, he was entitled to credit for time spent in Tarrant County jail after being erroneously released by Tarrant County officials, where charges were pending against him, because he was in "constructive custody" of Taylor County); *Ex Parte Jasper*, 538 S.W.2d 782, 784 (Tex.Cr.App.1976) (Defendant was entitled to credit for time spent in Louisiana State Penitentiary because once detainer had been filed against him by State of Texas, defendant was in "constructive custody" of Texas).

Here, applicant alleges that a detainer or hold for cause number 402587 from Harris County was lodged against him. Although there is no evidence that any detainer was ever filed, there does exist in the record of this cause a copy of applicant's record from San Francisco, indicating he was arrested for nothing other than being a fugitive from justice in Texas. There is also correspondence from the San Francisco sheriff's office verifying applicant's arrest on a fugitive warrant from Texas on December 23, 1985, and his incarceration there until March 2, 1986. The State's response indicates that the fugitive warrant issued for applicant was indeed for cause number 402587 from Harris County, and that applicant was arrested in California and incarcerated there until March 2, 1986, when he was picked up by Texas officials pursuant to said warrant. The trial court's order states there are no controverted, previously unresolved facts material to the legality of applicant's confinement.

We have held that where a defendant is held for charges in another state, but is also subject to a detainer from this state for charges pending here, he is entitled to credit for time served in the other state while the detainer was in effect. E.g., *Ex parte Jasper* supra. *A fortiori*, if an accused is held by that other state *solely* on charges pending in Texas, he should be awarded credit for time served pursuant to his detention on those Texas charges. This but effectuates the letter and intent of Art. 42.03 § 2(a), supra; *Ex Parte Green*, supra.

Accordingly, we hold applicant is entitled to credit for time spent in the California jail pursuant to the Texas fugitive warrant. He was incarcerated there from December 23, 1985 until March 2, 1986, when he was retrieved by Texas officials. Applicant is thus entitled to flat time credit for that period. *Ex Parte Hudson* and *Ex Parte Green*, supra. See also *Ex Parte Smiley*, 730 S.W.2d 757, 759 (Tex.Cr.App.1987). A copy of this opinion will be forwarded to the Texas Department of Corrections.

It is so ordered.