Anthony SABALA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–02–00261–CR, 04–02–00262–CR.

Court of Appeals of Texas,
San Antonio.

March 19, 2003.

M. Patrick Maguire, Attorney At Law, Kerrville, for Appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

In both trial court cause numbers 3535 and 3536, Anthony Sabala was convicted of delivery of cocaine in the amount of less than 28 grams and was placed on probation for ten years. The State moved to revoke his probation. Sabala pled true to the State's allegations. The trial court granted the State's motion, revoked Sabala's probation, and sentenced Sabala to ten years imprisonment in both cause numbers. On appeal, Sabala argues that he is entitled to flat-time jail credit and requests that we reform the judgment. We disagree and affirm the judgments of the trial court.

### BACKGROUND

On October 12, 1995, Sabala pled guilty in both cause numbers and was placed on probation. After a hearing on the State's motion to revoke probation, the trial court entered judgments continuing Sabala on probation. However, as a condition for continuing probation, the trial court ordered Sabala to "attend and submit to the Uvalde Treatment Center." The trial court further ordered that Sabala "remain in custody until [he] can be transferred to the Uvalde Treatment Center." While still in custody waiting to be transferred to the treatment center, Sabala was transferred to Fort Bend County because of outstanding traffic tickets pending there.

After Sabala disposed of the traffic tickets, he was erroneously released by Fort Bend County authorities instead of remanded to the Gillespie County jail. Sabala remained free from August 16, 1999 to February 8, 2002.

### DISCUSSION

Sabala argues that the trial court erred in failing to give him flat-time jail credit for this two and a half year period. For support, Sabala relies on *Ex parte Hudson*, 655 S.W.2d 206, 208 (Tex.Crim.App. 1983), which held that when a prisoner is erroneously released due to no fault of his own, he is entitled to flat time credit for the time he was out of custody. Although Sabala was erroneously released from jail due to no fault of his own, he does not fall under *Hudson*'s holding.

Article 42.03 of the Texas Code of Criminal Procedure provides that the trial court shall give the defendant credit on his sentence for the time that the defendant has spent in jail, *other than confinement served as a condition of community supervision*, from the time of defendant's arrest and confinement until his sentence by the trial court. TEX.CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (Vernon Supp.2002); *see also Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim.App.1997). Here, Sabala was in jail awaiting transfer to the drug treatment center as a condition of continuing his probation. Pursuant to article 42.03, had Sabala never been erroneously released, he would not have been entitled to any credit on his sentence for that time confined in jail. It would, therefore, be illogical for Sabala to be entitled to jail-time credit only because he was erroneously released when he would not have been entitled had he rightfully remained in jail. As Sabala's jail confinement was a condition of his probation, his situation is distinguishable from that in *Hudson*. We,

therefore, hold that Sabala is not entitled to flat-time jail credit and overrule Sabala's sole issue.

### CONCLUSION

Having overruled Sabala's issue, we affirm the judgments of the trial court.