IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,281






EX PARTE RAUL RODRIGUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 443701-B IN THE 184
TH DISTRICT COURT


OF HARRIS COUNTY





 Per curiam.

 

O R D E R




 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to twenty years' imprisonment. We filed and set this application for consideration of
applicant's time-credit claims.

 While serving his sentence for the murder conviction, applicant was transferred to federal
custody pursuant to a federal bench warrant. The State of Texas did not file a detainer with federal
authorities. Applicant asserts that, after his acquittal on federal charges and release by the U.S.
Marshal's Service and his return to his parent's home in Mexico, the United States Department of
Justice, on behalf of the State of Texas, presented to the Mexican government an arrest warrant
seeking the return of applicant. Applicant contends that he "was arrested on March 12, 2001, by
Mexican authorities pursuant to the request for provisional arrest." Applicant asserts that he is
entitled to credit for the time he spent in the custody of Mexican authorities after his arrest in Mexico
pursuant to the fugitive warrant presented to Mexican officials by the United States Department of
Justice. Applicant has alleged facts that, if true, might entitle him to relief. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id. If the trial court elects to
hold a hearing, it shall determine whether applicant is indigent. If applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 Tex. Code Crim Proc. art. 11.07, § 3(c) states that "it shall be the duty of the convicting
court to decide whether there are controverted, previously unresolved facts material to the legality
of the applicant's confinement." In Ex parte Kuban, 763 S.W.2d 426, 427 (Tex. Crim. App. 1989),
we held that Kuban was entitled to credit for time during which he was in custody in a California
jail; even though there was "no evidence that a detainer was ever filed," the record included a copy
of his record from San Francisco indicating that "he was arrested for nothing other than being a
fugitive from justice in Texas," and there was correspondence from the San Francisco sheriff's office
verifying his arrest on a fugitive warrant from Texas. We stated that "if an accused is held by that
other state solely on charges pending in Texas, he should be awarded credit for time served pursuant
to his detention on those Texas charges." Id. (Emphasis in original.) The record in this case does
not reveal whether applicant was held in Mexico solely on the fugitive warrant. 

 The trial court shall make findings of fact and conclusions of law in regard to applicant's
claim that he was held by Mexican officials solely because of the fugitive warrant presented to
Mexican authorities by the United States Department of Justice. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 29, 2006

Do not publish