IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-20,734-03






EX PARTE NATHANIEL LEWIS HUBERT, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. F-86-97846 IN THE 

CRIMINAL DISTRICT COURT NUMBER TWO

FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to ninety-nine years' imprisonment.

 In one ground, Applicant contends that he is being denied both post and pre-conviction time
credit. With respect to his post-conviction time credit, he specifically alleges that he is being denied
credit for time spent in Colorado under a Texas detainer. Applicant has alleged facts that, if true,
might entitle him to relief. Ex parte Kuban, 763 S.W.2d 426, 427 (Tex. Crim. App. 1989). The trial
court has entered findings and conclusions and recommended denying relief. However, in these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court has already entered findings of fact and conclusions of law recommending that
relief be denied. However, the habeas record contains no evidence of the detainers that may have
been lodged against Applicant. The trial court shall order the Texas Department of Criminal 
Justice's Office of the General Counsel to file an affidavit addressing whether any detainers for the
instant case were lodged with Colorado authorities between April 3, 2003 and March 2009. The trial
court shall also obtain records from the relevant Colorado authorities detailing the dates and cause
numbers for any Texas detainers lodged against Applicant while he was in Colorado's custody. 

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make supplemental findings of fact and conclusions of law as to whether
Applicant was restrained by any detainers arising from this cause between April 2003 and March
2009. The trial court shall supplement the record with relevant evidence supporting any findings or
conclusions. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 7, 2011

Do not publish