**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00098-CR**
_____

**IN RE DWAYNE T. DAVIS**

================================================

**Original Proceeding**

================================================

**MEMORANDUM OPINION**

Dwayne T. Davis filed a petition for writ of mandamus in which he seeks to compel the trial court to vacate an order denying Davis's request for time credit on his sentence for possession of a deadly weapon in a penal institution and to sign a judgment nunc pro tunc giving Davis credit on his sentence from the date of his arrest, July 18, 1996, to the date of his indictment, June 5, 1997. "A motion for judgment *nunc pro tunc* or a writ of mandamus to the appellate court if such a motion is denied will provide a remedy only if the right to pre-trial jail-time credit is absolutely indisputable under the terms of Article 42.03, Section 2(a)(1)." *In re*

*Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011); *see also* Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (West Supp. 2012). A prisoner confined by another jurisdiction is confined for purposes of article 42.03 "only if a detainer or hold is lodged against him." *Nixon v. State*, 572 S.W.2d 699, 701 (Tex. Crim. App. 1978). Davis has not shown that he was in constructive custody of Polk County when he was confined in prison prior to his indictment in this case. *See Ex parte Kuban*, 763 S.W.2d 426, 427 (Tex. Crim. App. 1989). Davis failed to establish that he has a right to relief. Accordingly, the petition for writ of mandamus is denied.

PETITION DENIED.

PER CURIAM

Opinion Delivered March 27, 2013
Do not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

2