**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00374-CR**
_____


**ROBERT BERTRAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 22526**

**MEMORANDUM OPINION**

Robert Bertrand (Bertrand) was indicted for unauthorized use of a vehicle. *See* Tex. Penal Code Ann. § 31.07 (West 2011). He pleaded guilty to the offense, and the trial court assessed his punishment at confinement for one year. After a hearing on credit for time served, the court credited Bertrand with fifty days. In a single appellate issue, Bertrand argues that the trial court erred in its computation of credit for time served. We affirm.

1

FACTUAL BACKGROUND

On March 8, 2013, Bertrand was arrested for the offense of unauthorized use of a vehicle. On March 9, 2013, he posted bail and he was released from custody. Bertrand was then indicted on December 19, 2013, and a capias for his arrest was issued on December 20, 2013. The return of service on the capias shows Bertrand was arrested on December 23, 2013, but it was only partially completed, leaving blank the section stating "( ) taking his/her bond, which is herewith returned, ( ) placing him in County Jail of _____ County, Texas[.]"

The State filed an application for bench warrant on June 5, 2014, which indicated that Bertrand was believed to be confined in the William G. McConnell Unit in Beeville. The Hardin County Sheriff's Department retrieved Bertrand from Beeville. Bertrand was then transported to the Hardin County jail on June 19, 2014. Bertrand remained in the Hardin County jail for fifty days, until his sentencing hearing on August 7, 2014.

Bertrand entered a plea of "guilty" to the charge of unauthorized use of a vehicle. Under the terms of his plea agreement, Bertrand waived his right of appeal except as to the issue of credit for time served. The court accepted the plea agreement and sentenced Bertrand to one year in state jail. The court then heard

arguments and testimony concerning how much credit Bertrand should receive for time served.

Captain David Burrous (Burrous) with the Hardin County Sheriff's Department testified that Bertrand was arrested in Hardin County on October 26, 2013, for public intoxication and for a Harris County charge. Bertrand was released from Hardin County on November 4, 2013, and turned over to the Harris County authorities. On December 24, 2013, Bertrand was then released from the Harris County authorities and turned over to Jefferson County and subsequently to the Texas Department of Criminal Justice on the Jefferson County charges until June 19, 2014, when the Hardin County Sheriff's Department took him into custody. Burrous testified that Hardin County did not have a "hold on [Bertrand]" at any time. Burrous agreed that Bertrand's original bond rolled over, and Burrous explained that there was no need to put a hold on Bertrand because "he was out on a bond with a bonding company in good standing with [Hardin C]ounty."

Bertrand's attorney argued that he should receive credit for time served from the date of his indictment by Hardin County in December 2013 because Bertrand was already incarcerated at that time and the Hardin County District Attorney knew he was already incarcerated. The court gave Bertrand credit for fifty days served. Bertrand timely filed his notice of appeal.

3

## ISSUE ON APPEAL

In a single issue, Bertrand argues he should have been credited for time he served from December 23, 2013, until August 7, 2014, for a total of 227 days, rather than the fifty days credited by the trial court. The State argues that the appropriate procedure for Bertrand to obtain the pre-sentence jail-time credit he seeks is to present the issue to the trial court by way of a *nunc pro tunc* motion and, if the trial court fails to respond, to seek mandamus relief in the court of appeals. Accordingly, the State has filed a motion to dismiss this appeal for want of jurisdiction. In the alternative, the State argues that Bertrand is not entitled to credit for additional time served because the credit sought is not for incarceration under this case.

## *NUNC PRO TUNC* JUDGMENTS

The purpose of a *nunc pro tunc* judgment is to provide a method for trial courts to correct the record when a discrepancy exists between the judgment as pronounced in court and the judgment as reflected in the record. *See Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012) (citing *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) and *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980)); *see also* Tex. R. App. P. 23.1. The corrections must reflect the judgment that was actually rendered but that was not properly entered

into the record at the time of the judgment. *See Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990) ("[A] judgment may be 'entered' *nunc pro tunc* if it was in fact 'rendered,' but not recorded, at an earlier time.").

Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *See Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). "This means that a trial court can fix a clerical error in the record, but only errors that were not the result of judicial reasoning are considered clerical errors that can be fixed by a *nunc pro tunc* order." *Collins*, 240 S.W.3d at 928 (citing *Poe*, 751 S.W.2d at 876). The determination of whether an error is clerical or judicial is a matter of law, but a *nunc pro tunc* judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order. *See Blanton*, 369 S.W.3d at 898 (citing *Poe*, 751 S.W.2d at 876 and *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986)).

Article 42.03, Section 2(a)(1) of the Texas Code of Criminal Procedure governs credit for time served and provides that:

> [i]n all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent [] in jail for the case, including confinement served as described by Article 46B.009 and excluding confinement served as a condition of

5

community supervision, from the time of his arrest and confinement until his sentence by the trial court[.]

Tex. Code Crim. Proc. Ann. art. 42.03 § 2(a)(1) (West Supp. 2014).[1] Pursuant to Article 42.03, Section 2(a), a defendant is entitled to credit for all time spent "in jail for the case." *Id.*; *see Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) ("It is settled that an individual is entitled to all time spent in jail 'on said cause.'"). "The trial court is required to grant the [defendant] pre-sentence jail time credit when [the] sentence is pronounced." *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).

Article 42.03 only entitles a defendant to credit for the time a defendant is incarcerated as to the case in which he is ultimately tried and convicted. *See Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. denied); *see also Benefield v. State*, No. 02-14-00099-CR, 2015 Tex. App. LEXIS 1840, at **17-18 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (in a conviction for a charge of continuous violence against the family, the defendant was not entitled to credit for prior incarceration under a charge of injury to a child); *Blackerby v. State*, No. 03-11-00272-CR, 2012 Tex. App. LEXIS 10191, at **11-13 (Tex. App.—Austin Dec. 5, 2012, no pet.) (mem. op., not designated for publication)

---

[1]Article 46B.009 concerns credit for confinement resulting from proceedings to determine competency to stand trial and is not applicable to this matter.

(explaining appellant not entitled to jail-time credit on intoxication manslaughter conviction for time spent in jail after arrest for felony DWI when not indicted for intoxication manslaughter until later date); *Martinez v. State*, No. 13-04-00085-CR, 2005 Tex. App. LEXIS 6000, at *8 (Tex. App.—Corpus Christi July 28, 2005, no pet.) (mem. op., not designated for publication) ("A trial court must award credit for time served for the same offense and not time incarcerated pre-trial for independent offenses."). If a defendant can show indisputably that he has been denied jail-time credit for a period of pretrial incarceration for the identical case for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment *nunc pro tunc* and, failing that, by writ of mandamus in the court of appeals. *See In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (orig. proceeding) (per curiam).

Bertrand argues that he is entitled to credit for the time he was incarcerated in Jefferson County and with the Texas Department of Criminal Justice. He contends that such time should count as incarceration for his indictment and subsequent conviction in Hardin County for unauthorized use of a vehicle. Whether all such incarceration is for the same "case" for purposes of Article 42.03, Section 2(a)(1) is a judicial rather than a ministerial function. *See id.* This type of a

judicial function is not subject to revision by a judgment *nunc pro tunc* because the alleged error is not a "clerical" error. *See id.*

The written judgment matches the judgment pronounced in court. The trial court heard testimony concerning Bertrand's pre-conviction jail-time served and considered the competing arguments concerning how much credit he merited. The error Bertrand alleges on appeal concerns the court's judicial reasoning, not a clerical error. *See id.* Therefore, a judgment *nunc pro tunc* is not the proper remedy to address Bertrand's issue. *See Collins*, 240 S.W.3d at 928. Therefore, we deny the State's motion to dismiss.

ENTITLEMENT TO JAIL-TIME CREDIT

Entitlement to jail-time credit may be based upon either actual or constructive custody. *See Ex parte Hudson*, 655 S.W.2d 206, 208 (Tex. Crim. App. 1983), *overruled on other grounds by Ex parte Hale*, 117 S.W.3d 866, 872 (Tex. Crim. App. 2003). When a person having a criminal case in one jurisdiction is confined, either physically or constructively, by another jurisdiction, he is confined on the same case only if a detainer or hold is lodged against him by the first jurisdiction. *See Bynum*, 772 S.W.2d at 114. The rationale for allowing jail-time credit under a detainer is that the hold results in a "'change in the basis for (a prisoner's) confinement.'" *Id.* at 115 (quoting *Ex parte Alvarez*, 519 S.W.2d 440,

8

443 (Tex. Crim. App. 1975)). When one jurisdiction files a detainer or hold on a prisoner held by another jurisdiction, the prisoner may experience adverse effects:

> A person may be denied opportunities open to other prisoners such as elevation to trusty status or a particular work station. The person's privileges may be curtailed. The individual's chance for early parole may also be disadvantaged, with a correlative concern regarding any rehabilitative process desired by the prison system. In general terms, as our earlier cases have noted, the prisoner is in the constructive detention of the jurisdiction lodging the detainer. Although not in physical custody, he nevertheless may be required, pursuant to the detainer, to be subjected to the criminal process of the jurisdiction placing the hold on him. Thus, the act of lodging a detainer or hold may in ways visible or subtle "change in the basis" for the prisoner's confinement on the original offense for which he was sentenced. When a detainer is lodged, fairness dictates that the spirit of Art. 42.03 be followed.

*See Bynum*, 772 S.W.2d at 115. It is not the fact that the individual is currently serving a term in a penal institution that determines whether credit should be given, but rather the fact that another jurisdiction has chosen to put a hold against the individual. *Id.*; *see also Nixon v. State*, 572 S.W.2d 699, 701 (Tex. Crim. App. 1978) ("when [a defendant] is confined by another jurisdiction, he is confined 'on said cause' only if a detainer or hold is lodged against him."). "No formal detainer is required if it is established by some other means that the prisoner was detained in that cause . . . ." *Ex parte Hannington*, 832 S.W.2d 355, 356 (Tex. Crim. App. 1992). If a hold was placed on the defendant, then a defendant should be credited

with all such time he was incarcerated in another jurisdiction and the hold was in place. *See Nixon*, 572 S.W.2d at 701.

Appellant's brief admits that "no formal detainer was placed on him," but he argues the Court of Criminal Appeals held in *Ex parte Kuban*, 763 S.W.2d 426 (Tex. Crim. App. 1989) and *Ex parte Rodriguez*, 195 S.W.3d 700 (Tex. Crim. App. 2006) that "'the existence of a detainer is merely one means of establishing incarceration on a particular cause[.]'" *Kuban* and *Rodriquez* are inapposite. In *Kuban*, the defendant was credited for time spent in a California jail, where he was detained solely on the basis of a Texas fugitive warrant. 763 S.W.2d at 427. The Court explained that, while Texas had filed no detainer, the defendant's time served in California was "for nothing other than being a fugitive from justice in Texas." *Id.* Likewise in *Rodriquez*, the defendant was entitled to credit for a period of incarceration in Mexico pending extradition despite the fact that no detainer was lodged because his detention in Mexico was "solely . . . a result of [a] fugitive arrest warrant." 195 S.W.3d at 703-04. While filing a detainer or hold is "merely one means of establishing incarceration on a particular cause[,]" as Bertrand argues, if none is filed, then the defendant must show some other evidence that the incarceration in another jurisdiction is for the same case. *See Rodriguez*, 195 S.W.3d at 703; *Hannington*, 832 S.W.2d at 356.

10

The only evidence in the record before us in this matter reflects that Hardin County did not place a hold or a detainer on Bertrand with Jefferson County or the Department of Corrections. Bertrand offered no evidence that any portion of his incarceration prior to June 19, 2014, was for the charge of unauthorized use of a vehicle of which Hardin County convicted him, or that such time was directly attributable to the Hardin County charge. The additional credit Bertrand seeks pertains to time he served on other offenses. Bertrand is not entitled to credit for such time under Article 42.03. *See Acosta v. State*, No. 08-01-00509-CR, 2003 Tex. App. LEXIS 9175, at *7 (Tex. App.—El Paso Oct. 28, 2003, no pet.) (mem. op., not designated for publication) (denying credit for time served in federal prison where state of Texas knew of such imprisonment because Texas did not obtain constructive custody by placing a hold on him).

To the extent Bertrand argues that his arrest pursuant to the capias operated as a hold for purposes of Article 42.03, we find no authority to support such argument. *See, e.g.*, *De Leon v. State*, No. 08-08-00248-CR, 2010 Tex. App. LEXIS 8390, at **2-7 (Tex. App.—El Paso Oct. 20, 2010, pet. ref'd) (not designated for publication) (declining to give credit for time served in one county from the date another county issued an capias because defendant was incarcerated for different causes in each county and the record failed to show evidence of a hold

11

or detainer); *Bowen v. State*, No. 2-02-428-CR, 2003 Tex. App. LEXIS 8865, at **2, 5 (Tex. App.—Fort Worth Oct. 16, 2003, pet. ref'd) (mem. op., not designated for publication) (holding defendant not entitled to time served in Florida, although detained pursuant to a Texas capias, because there was no evidence that Texas had placed a hold or detainer on him while he was confined in Florida).

Bertrand also argues that "no bond was rolled over[.]" However, Bertrand cites no legal authority explaining how this fact would make it "mandatory" that he should receive credit in excess of the fifty days he served in Hardin County jail prior to his sentencing. Furthermore, according to the undisputed testimony from Burrous, Bertrand's bond did roll over. Bertrand offered no evidence that any portion of his incarceration other than the fifty-day period from June 19, 2014, to August 7, 2014, was for his conviction in Hardin County for unauthorized use of a vehicle. Additionally, the record before us provides no basis to credit Bertrand with more than the fifty days jail time credited to him in the judgment. We overrule Bertrand's issue. Having overruled Bertrand's issue on appeal, we affirm the trial court's judgment, and we deny the State's motion to dismiss.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on April 22, 2015
Opinion Delivered May 6, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.