**Ex parte Thomas BYNUM.**

**No. 70809.**

Court of Criminal Appeals of Texas, En Banc.

May 31, 1989.

Randy Farrar, Huntsville, for appellant.

---

David P. Weeks, Huntsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON COURT'S OWN MOTION FOR REHEARING

PER CURIAM.

In an unpublished opinion on original submission in the instant cause we granted relief to the extent that the Texas Department of Corrections was ordered to ensure applicant's Anderson County sentence was properly credited with time credit from the date a detainer was lodged by Anderson County and accepted by the Department of Corrections. *Ex parte Bynum*, 766 S.W.2d 794 (Tex.Cr.App.1989). We subsequently withdrew that opinion and granted rehearing on the Court's own motion to determine the appropriateness of our original opinion.

It is settled that an individual is entitled to all time spent in jail "on said cause". Article 42.03, V.A.C.C.P.; *Nixon v. State*, 572 S.W.2d 699 (Tex.Cr.App.1978) and cases cited therein. When a person is confined, either physically or constructively, by another jurisdiction, he is confined on "said" cause only if a detainer or "hold" is lodged against him by that jurisdiction. *Id; Ex parte Alvarez*, 519 S.W.2d 440 (Tex.Cr. App.1975); *Ex parte Spates*, 521 S.W.2d 265 (Tex.Cr.App.1975).

In the cases cited above, the individual seeking relief was being held either in another county jail or a federal or state penitentiary when the detainer was filed against him. The difference in the instant case is that applicant was already residing within the walls of the Department of Corrections when the Anderson County detainer was lodged against him. The record reflects applicant had served 5 years of his 25 year Bell County sentence when he committed aggravated assault on a prison guard on May 19, 1984. Two months later Anderson County lodged a detainer, apparently following the return of an indictment in the case. A little more than 7 months after that, on February 28, 1985, applicant was convicted for the offense and sentenced to a 10 year term which was to begin after the Bell County sentence was satisfied. Together with yet a third sentence of 15 years assessed for a Brazoria County aggravated assault, the Department of Corrections, according to policy then in effect, figured applicant's sentence as a single term of 50 years.

In its brief now before this Court, the State argues that applicant is not entitled to relief because he was already serving a sentence in the Department of Corrections when the detainer was lodged against him in the Anderson County assault case. Since he was already detained due to his original conviction and sentence, applicant was not under arrest or confinement in the Anderson County cause so as to bring him within the mandate of Art. 42.03, V.A.C. C.P., requiring time credit for the time a defendant spends between arrest and confinement until sentencing. If relief is granted, the State reasons, applicant will circumvent the intent of the Legislature under Art. 42.08(b), V.A.C.C.P. by receiving credit twice for the same time period.

Initially, we note that section (b) of Art. 42.08, supra, effective September 1, 1985, specifies if a defendant is sentenced for an offense committed while serving a term in prison, the sentence for the subsequent offense does not begin until the original sentence has been satisfied. In the instant case, the Anderson County assault occurred before the effective date of amended Art. 42.08, supra. Since the amended statute, by its terms, was not in effect at the time of the offense, the State's claim that a grant of relief in this case "circumvents the intent of the legislature" is incorrect. *See* Acts 1985, 69th Leg. ch. 29, § 2.

Moreover, the Legislature, in response to the procedure by which the Department of Corrections figured cumulative sentences for purposes of parole as a "single" sentence, also amended Art. 42.18, supra, effective September 1, 1987, to repeal the "single sentence" procedure. *Now see* Art. 42.18, § 8(b)(4). Read together with Art. 42.03 and Art. 42.08, both supra, the effect of lodging a detainer for a particular offense committed after the effective date of the amendment is not to deny any time

credit due to a detainer, but only to *post-pone* the credit until the start of the second or subsequent sentence, which does not begin for an offense committed while in prison until the preceding sentence has been completed. *Id.*

The rationale for allowing a time credit under a detainer is that the hold results in a "change in the basis for (a prisoner's) confinement." *See Alvarez,* 519 S.W.2d at 443. Although applicant was already detained by the Department of Corrections when the Anderson County detainer was lodged against him, the effect of the hold was no different than if he had been incarcerated in another state's prison or in a federal penitentiary. *See Ex parte Williams,* 551 S.W.2d 416 (Tex.Cr.App. 1977). *See also In re Whiteside,* 141 Tex. Cr.R. 642, 150 S.W.2d 1022 (1941). In all such cases, it is not the fact that the individual is currently serving a term in a penal institution which determines whether credit should be given; rather, it is the fact that another jurisdiction has chosen to lodge a hold against the individual.

In turn, the filing of the detainer or hold may have adverse effects upon the prisoner. A person may be denied opportunities open to other prisoners such as elevation to trusty status or a particular work station. The person's privileges may be curtailed. The individual's chance for early parole may also be disadvantaged, with a correlative concern regarding any rehabilitative process desired by the prison system. In general terms, as our earlier cases have noted, the prisoner is in the constructive detention of the jurisdiction lodging the detainer. Although not in physical custody, he nevertheless may be required, pursuant to the detainer, to be subjected to the criminal process of the jurisdiction placing the hold on him. Thus, the act of lodging a detainer or hold may in ways visible or subtle "change in the basis" for the prisoner's confinement on the original offense for which he was sentenced. When a detainer is lodged, fairness dictates that the spirit of Art. 42.03 be followed. The fact that a detainer time credit may be factored into the parole equation in a different fashion upon a pre–1987 "single sentence" than on

sentences under the amended statute is a matter apart from the issue of entitlement of the credit. Chapter 29, § 2 of Senate Bill 186 clearly provides that Art. 42.08(b) applies only to sentences imposed after effective date of the Act, with the exception that prior sentences may be considered for the purpose of determining the date on which a subsequent sentence for an offense committed on or after September 1, 1987, commences.

Although the specific issue before us is of apparent first impression, one prior panel opinion from this Court has at least touched on the matter. In *Nixon,* supra, the appellant was held in the Liberty County jail, then transferred to Polk County where he was convicted of an offense, and from there was sent on to the Department of Corrections. He was credited with time in Liberty County jail on the Polk County charge but on appeal contended he was denied credit on a separate Liberty County sentence for the time he spent in Polk County and/or the Department of Corrections. After noting appellant would be entitled to such credit only if a detainer or hold had been placed against him, Judge Douglas wrote:

> The record fails to reflect that a hold was placed by Liberty County with either Polk County or the Department of Corrections. Based on the record, appellant is entitled to no additional time. *If in fact a hold was placed, appellant should be credited with all such time.*

*Id* at 701. Although admittedly dicta in the case, the panel in *Nixon,* supra, recognized that appellant's presence as a prisoner in the Department of Corrections would make no difference to the question whether he was entitled to time credit due to a detainer lodged against him. Given the nature and effect of a detainer, the conclusion is both logical and equitable. It is not, as the State contends, a matter of awarding a prisoner, especially one as in the instant case who by his actions would clearly stand to lose other discretionary time credits due to his apparent incorrigible behavior, "double time" credit on his "original" sentence. It is simply the acknowledgment of "de-

tainer credit" on a subsequent sentence that is factored into the particular method used to determine the prisoner's parole eligibility. Just as the "single sentence" method was used in applicant's case, so too may we envision use of a "single credit" method to measure this applicant's future eligibility for parole.

The issue was correctly decided on original submission. The detainer being lodged against applicant, he is entitled, because of the constructive detention by Anderson County, to a time credit for the period of time between the lodging of the detainer and his sentence for the offense in cause number 18,502. Since the detainer was lodged prior to the 1987 amendment to Art. 42.18, supra, applicant is entitled to credit on his 50 year "sentence" as figured by prison policy at that time for a period of 7 months and 4 days.

Copies of this opinion will be sent to the Texas Department of Corrections and the Texas Board of Pardons and Paroles.

BERCHELMAN, J., dissents.