In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00072-CV


______________________________





IN RE: CHARLES R. HARRIS









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Charles R. Harris has filed a petition asking this Court to issue a writ of mandamus against
the 8th Judicial District Court. Harris complains the trial court has refused to properly give him
sixteen months of jail time credit to which he was entitled for time that he was incarcerated in the
Cook County jail in Illinois while under a detainer from the State of Texas, and fifty-seven days that
he was held in the Hopkins County jail in Texas awaiting transfer to the Texas Department of
Criminal Justice.

 To obtain mandamus relief, a relator must demonstrate that (1) he or she has no other
adequate legal remedy, and (2) under the relevant facts and law, the act sought to be compelled is
purely ministerial. State ex rel. Hill v. Court of Appeals for Fifth Dist., 34 S.W.3d 924, 927 (Tex.
Crim. App. 2001). An act is ministerial if it does not involve the exercise of any discretion and the
relator has a clear right to relief. See id. The relief sought must be clear and indisputable, such that
its merits are beyond dispute. See id. at 927-28.

 Harris correctly notes that the controlling authority for the procedure to be followed under
these allegations is Ex parte Ybarra, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004). The Texas
Court of Criminal Appeals recognized that the trial court is required to grant the applicant
presentence jail time credit when sentence is pronounced, and that if the court fails to do so, the trial
court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc
order and should do so. Id. at 148-49; see Tex. R. App. P. 23.2. 

 The court stated that matters which may be raised and resolved by nunc pro tunc proceedings
should not be considered by way of writ of habeas corpus. Id.; see Ex parte Pena, 71 S.W.3d 336,
336-37 (Tex. Crim. App. 2002). The court then held that the appropriate remedy was to require the
party to present the issue to the trial court by way of a nunc pro tunc motion. If the trial court
declined to rule, the court held that it was then appropriate to seek a writ of mandamus from the
court of appeals. Ex parte Deeringer, 210 S.W.3d 616, 617 (Tex. Crim. App. 2006); Ybarra, 149
S.W.3d at 148. Further, because the trial court is statutorily required to award credit for presentence
time served, the judge's failure to do so violates a ministerial duty. See Hill, 34 S.W.3d at 927-28;
In re Daisy, 156 S.W.3d 922, 924 (Tex. App.--Dallas 2005, orig. proceeding).

 In this case, Harris stated in his petition that he had filed a motion with the district court
requesting jail time credit for the sixteen-month time period and that the motion was denied. (1) It does
not indicate that he sought a nunc pro tunc judgment from the trial court, and it contains no
documentation about any of the matters complained of, as required by Tex. R. App. P. 52.3(j). Thus,
we have no details about Harris' incarceration either in Illinois or in Texas, and he has provided no
documentation or authority to support his suggestion that a detainer in another state in his particular
case should properly count as credit against his sentence in Texas. 

 Harris has not shown himself to be entitled to mandamus relief.


 We deny the petition. 



 Jack Carter

 Justice


Date Submitted: June 12, 2007 

Date Decided: June 13, 2007




OPINION ON REHEARING


 Charles R. Harris has filed a motion for rehearing from our opinion on his petition for writ
of mandamus, in which he attempts to provide information that would cure the problems discussed
in our original opinion. He has attached copies of two orders, one denying his motion for an order
nunc pro tunc in which he sought an additional eleven days' jail credit in underlying cause number
0116034 (for time spent in the Hopkins County jail), and the other denying a similar motion seeking
sixteen months of jail credit in cause number 0116033 (for time spent in the Cook County jail in
Illinois). He has also attached a letter from the office of the State Counsel for Offenders that shows
the result of its investigation of Harris' jail time and its conclusions about the time credit for which
Harris was eligible in those two causes.

 Harris' letter from the State Counsel for Offenders' office breaks down his jail time and the
procedural history of the two cases. Both were deferred adjudications. The letter indicates that case
number 0116033 was adjudicated (on an unspecified date, apparently around January or February
2002). Cause number 0116034 indicates that the motion to adjudicate was withdrawn and that
Harris was not adjudicated guilty until July 16, 2004, which was after he had been returned from
Illinois to Hopkins County. 

 The first attached order denies a request for eleven days' credit in cause number 0116034 for
time spent in custody in the Hopkins County jail. Harris states in his motion for rehearing that this
is for time spent in custody awaiting transfer to the Texas Department of Corrections. No eleven-day
time period appears in the State Counsel for Offenders' letter. It is not apparent from the record
provided that error exists. (2) 

 In the second attached order, the trial court declined to provide sixteen months' time credit
in cause number 0116033 for the time spent in the Cook County jail. The letter from the State
Counsel for Offenders' office indicates that, while Harris was in the Illinois jail, the State of Texas
had put a hold on him for cause number 0116033, the cause for which he had previously been
adjudicated guilty. 

 Harris argues that, under applicable law, he has not been provided with the time to which he
is entitled. As recently reiterated by the Texas Court of Criminal Appeals in Ex parte Rodriguez,
"[w]hen a person is confined by another jurisdiction, . . . , he is confined on 'said' cause only if a
detainer or 'hold' is lodged against him by that jurisdiction." Ex parte Rodriguez, 195 S.W.3d 700,
703 (Tex. Crim. App. 2006) (quoting Ex parte Bynum, 772 S.W.2d 113, 114 (Tex. Crim. App.
1989)). The court explained that "it is not the fact that the individual is currently serving a term in
a penal institution which determines whether credit should be given; rather, it is the fact that another
jurisdiction has chosen to lodge a hold against the individual." Id. (quoting Bynum, 772 S.W.2d at
115). 

 However, we have received a response from the trial court in which it states categorically that
Harris was given credit for time served in the Cook County jail, Illinois, beginning March 27,
2003--the date on which the motion to adjudicate guilt was filed--as also reflected by the letter
from the State Counsel for Offenders.

 The matters raised by the motion for rehearing are thus moot, and we deny the motion for
rehearing.


 Jack Carter

 Justice


Date Decided: August 7, 2007


1. It is not clear whether Harris also asked for the fifty-seven days' credit at that time.
2. Harris makes no mention of the fifty-seven-day time period that he referenced in his original
petition.