IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 70,644-02






EX PARTE RAYMOND EDWARD KIMBRELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19,809A IN THE 268th DISTRICT COURT


FROM FORT BEND COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to seventeen years' imprisonment. 

 Applicant contends that he is being denied credit for time spent incarcerated in Arizona while
under a detainer lodged in this cause. Specifically, the Applicant is complaining of the periods from
October 10, 1991 until January 23, 1994, February 3, 1995 until August 24, 2002, and another seven
month period during 2005.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Bynum, 772
S.W.2d 113 (Tex. Crim. App. 1989). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit stating whether the Applicant was incarcerated while under a detainer lodged in this
cause for the periods claimed, and if so, whether the Applicant is receiving credit for this time. The
affidavit should also indicate whether or not Applicant has submitted his claim to the time credit
resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall also make findings as to whether Applicant is receiving the proper amount of time credit. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 17, 2009

Do not publish