COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

ANGELO DE LEON, §

             Appellant, §

v. §

THE STATE OF TEXAS, §

             Appellee. §

§

§

§

No. 08-08-00248-CR

Appeal from the

243rd District Court

of El Paso County, Texas

(TC# 20060D05677)

## O P I N I O N

Angelo De Leon was convicted of attempted sexual assault. He pled guilty to the indictment, and the court sentenced him to 3 years' imprisonment. He complains on appeal that the court failed to give him credit for the time period he spent in custody in Ector County from either February 29, 2008 or March 11, 2008, until his sentencing date.

In December 2006, Appellant was indicted in El Paso County on one count of attempted sexual assault. While on bond in October 2007, Appellant was arrested and detained in Odessa, Texas for failure to register as a sex offender and possession of drug paraphernalia. In February 2008, Merrill Bail Bonds, the surety, filed an Affidavit of Surrender with the El Paso County Sheriff Department. After Merrill Bail Bonds surrendered Appellant, the trial court ordered an issuance of *alias capias* for his arrest in March 2008; however, the *capias* was not filed until June 2008. In early June 2008, the trial court issued a bench warrant directed to the Texas Department of Criminal Justice-Institutional Division requesting Appellant's return to El Paso, Texas, for trial. Appellant was booked on the bench warrant in late June 2008.

In July 2008, Appellant pled guilty to the indictment, and the court sentenced him to three years' imprisonment. The court granted Appellant a time credit of forty-eight days for the following periods: (1) August 21, 2006 to August 25, 2006 for time on the attempt to commit sexual assault; and (2) June 19, 2008 to July 31, 2008, the time between El Paso County's issuance of the bench warrant and the entrance of his guilty plea.

Appellant's sole issue challenges the trial court's judgment on the basis that the court misapplied Article 42.03, sec. 2(a)(1) of the Texas Code of Criminal Procedure, because the court failed to give him credit for the time period he spent in custody in Ector County from either February 29, 2008 or March 11, 2008, until his sentencing date. He argues that the court should give him credit from the February date because that is when the surety on the appearance bond notified the court and the sheriff of Appellant's custody in Ector County. He argues that the court should give him credit from the March date because that is when the trial court issued an *alias capias*, which should have notified the court of his custody in Ector County. Appellant also cites to the Court of Criminal Appeals' decision of *Ex parte Rodriguez* and argues that it "[recognized] the existence of a detainer 'is but one means of establishing incarceration in a particular cause, and no formal detainer is required if it is established by some other means that the prisoner was detained in that cause.'"

At the time of trial, Article 42.03, Section 2(a) provided that "[i]n all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that [he] has spent in jail in said cause, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his

-2-

sentence by the trial court." TEX.CODE CRIM.PROC.ANN. art. 42.03, § 2(a)(Vernon 2006).[1] In *Ex Parte Alvarez*, the Court of Criminal Appeals held that the time spent by the petitioner in a Harris County jail for an offense in that county was not time spent in jail "in said cause" with respect to his conviction in Nueces County because the "[c]redit for jail time against the Nueces County conviction depends entirely upon petitioner being in jail in That cause." *Ex parte Alvarez*, 519 S.W.2d 440, 443 (Tex.Crim.App. 1975). Therefore, the Court ruled that the petitioner was not entitled to jail time credit against his conviction in Nueces County. *Id*. When an individual is confined in a particular jurisdiction either physically or constructively by another jurisdiction, he is confined on "said cause" only if the first jurisdiction has lodged a detainer or hold against him. *Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex.Crim.App. 1989)(op. on reh'g).

A defendant may be entitled to time credit based on either actual or constructive custody. *Ex parte Hudson*, 655 S.W.2d 206, 208 (Tex.Crim.App. 1983). The defendant "must establish that a detainer or hold was actually lodged" with another jurisdiction, and the detainer or hold must be available in the record for our examination, in order for him to receive credit for time served in the other jurisdiction. *See Fernandez v. State*, 775 S.W.2d 787, 789 (Tex.App.--San Antonio 1989, no writ); *Ex parte Bynum*, 772 S.W.2d at 114-15; *Vega v. State*, 675 S.W.2d 551, 554 (Tex.App.--Houston [14th Dist.] 1984, no writ). Time credit is allowed under a detainer because the hold results in a "change in the basis for (a detainee's) confinement." *Ex parte Bynum*, 772 S.W.2d at 115. In such cases, it is not whether the individual is currently serving a

---

[1] Effective September 1, 2009, Section 2(a)(1) now provides that "[i]n all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on [his] sentence for the time that [he] has spent: in jail for the case, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court . . . ." Acts 2009, 81st Leg., Ch. 87, § 25.018, eff. Sep. 1, 2009.

term in a penal institution that determines if credit should be given, but whether another jurisdiction has chosen to lodge a hold against the individual. *Id*.

In *Rodriguez*, the writ record did not show that the defendant was held in Mexico on a detainer in the cause, but a Texas Department of Criminal Justice-Institutional Division ("TDCJ") official's affidavit in the record did show that no such detainer was issued. *Ex Parte Rodriguez*, 195 S.W.3d 700, 703 (Tex.Crim.App. 2006). Although there was no formal detainer, the Court held that a letter from the U.S. Department of Justice to the TDCJ informing them that Mexican authorities apprehended the defendant following a provisional arrest request established the detention. *Id* at 702. This in turn entitled him to 450 days of jail time credit for the time he was incarcerated in Mexico awaiting his extradition to Texas. *Id*. at 704.

In the present case, Appellant was detained in Ector County after he was arrested and convicted for failure to register as a sex offender and possession of drug paraphernalia. His indictment in El Paso County, on the other hand, was for one count of attempt to commit sexual assault. Because the time Appellant spent in Ector County was not related to his conviction in El Paso County, the time he spent in Ector County was not time spent "in said cause." *See Ex parte Alvarez*, 519 S.W.2d at 443. Also, because the record fails to show any evidence of a hold or detainer, Appellant was not confined on "said cause." *See Ex parte Bynum*, 772 S.W.2d at 114-15; *Fernandez*, 775 S.W.2d at 789; *Vega*, 675 S.W.2d at 554. None of the documents in the record are similar to the detainer letter from the U.S. Department of Justice in *Rodriguez*; *Rodriguez* simply does not support Appellant's argument that he should be entitled to the time he spent in Ector County. *See Ex parte Rodriguez*, 195 S.W.3d at 703.

Further, the State's alleged knowledge of Appellant's detention in Ector County does not

result in a change in the basis for Appellant's confinement, and there is no constructive custody in this case. *See Ex parte Bynum*, 772 S.W.2d at 115. The State did not obtain constructive custody of Appellant until June 19, 2008, when Appellant was booked on the bench warrant in El Paso County.

Accordingly, the trial court correctly calculated the time credit to Appellant. Issue One is overruled and we affirm the trial court's judgment.

October 20, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Antcliff, Judge
Antcliff, Judge (Sitting by Assignment)

(Do Not Publish)