COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





JUAN GONZALEZ,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-10-00130-CR

Appeal from
 168th District Court

of El Paso County, Texas

(TC # 20060D02112)



 

 

 




O P I N I O N

            Juan Gonzalez pled guilty to one count of aggravated sexual assault of child. The trial court
accepted his plea and sentenced him to six years’ imprisonment in the Texas Department of Criminal
Justice, Institutional Division. Appellant was granted 504 days of time credit toward his sentence.
In a single issue, he complains that the trial court erred in refusing to award additional credit for time
spent in federal custody following his indictment and the issuance of a capias in this cause. 
FACTUAL BACKGROUND
            On May 3, 2006, Appellant was indicted for aggravated sexual assault of a child. He
accepted a plea agreement to the offense. In a hearing on March 25, 2010, the trial court initially told
Appellant he was entitled to credit from the date of the arrest--July 27, 2009--until the hearing date,
which was a total of 242 days. Appellant claimed he was entitled to credit for a 48-month federal
sentenced he served. In support of this contention, defense counsel argued that Appellant was
entitled to credit from the date the State knew where he was. The court disagreed and allowed a
recess so that Appellant and his attorney could discuss his plea decision. 
            After the recess, the court informed Appellant that it appeared a detainer was issued on
November 7, 2008. Accordingly, the judge adjusted the time credit to 504 days. The trial court then
asked if Appellant wished to go forward with his guilty plea. Appellant pled guilty and was
sentenced to six years’ imprisonment. 
ANALYSIS
            In his sole issue for review, Appellant contends the trial court erred by refusing to award him
additional time credit toward his sentence for time served in federal custody. Article 42.03,
Section 2 of the Texas Code of Criminal Procedure provides: 
(a) In all criminal cases the judge of the court in which the defendant is convicted
shall give the defendant credit on the defendant’s sentence for the time that the
defendant has spent:
 
(1) in jail for the case, other than confinement served as a condition
of community supervision, from the time of his arrest and
confinement until his sentence by the trial court. [Emphasis added].

Tex.Code Crim.Proc.Ann. art. 42.03 § 2(a)(1) (West Supp. 2010). Under Texas law, entitlement
to time credit may be based on either actual or constructive custody. Ex parte Hudson, 655 S.W.2d
206, 208 (Tex.Crim.App. 1983). When a person is confined, either physically or constructively, by
another jurisdiction, he is confined on “said” cause only if a detainer or “hold” is lodged against him
by that jurisdiction. Ex parte Bynum, 772 S.W.2d 113, 114 (Tex.Crim.App. 1989)(op. on reh’g); see
also Ex parte Alvarez, 519 S.W.2d 440, 443 (Tex.Crim.App. 1975)(holding that the time spent by
the petitioner in a Harris County jail for an offense in that county was not time spent in jail “in said
cause” with respect to his conviction in Nueces County because the “[c]redit for jail time against the
Nueces County conviction depends entirely upon petitioner being in jail in that cause” and therefore
the court ruled that the petitioner was not entitled to jail time credit against his conviction in Nueces
County). The rationale allowing for a time credit under a detainer is that the hold results in a
“change in the basis for (a prisoner’s) confinement.” Bynum, 772 S.W.2d at 115; Ex parte Alvarez,
519 S.W.2d at 443. In such cases, it is not whether the individual is currently serving a term in a
penal institution that determines if credit should be given, but whether another jurisdiction has
chosen to lodge a hold against the individual. Id. 
            In what he characterizes as an issue of first impression, Appellant maintains that the District
Attorney had a ministerial duty to issue the detainer once the State learned he was confined by
another jurisdiction. But the State’s knowledge of Appellant’s incarceration on a separate federal
offense does not result in a change in the basis for his confinement, nor does it alter his status. See
Acosta v. State, No. 08-01-00509-CR, 2003 WL 22451496 *3 (Tex.App.--El Paso Oct. 28, 2003, no
pet.); Bynum, 772 S.W.2d at 115. 
            Although Appellant relies on Ex parte Hale, 117 S.W.3d 866 (Tex.Crim.App. 2003) and Ex
parte Rowe, 277 S.W.3d 18 (Tex.Crim.App. 2009), his reliance is misplaced. Ex parte Hale dealt
the with the issue of whether an applicant “should be given credit on a subsequent sentence for the
time during which he was erroneously released on mandatory supervision when he should have
continued to be imprisoned under the previous sentence.” Ex parte Hale, 117 S.W.3d at 867. 
Similarly, in Ex parte Rowe, an applicant argued that he was, “ improperly denied credit toward the
expiration of his sentence for the period of time when he was erroneously released from custody
through no fault of his own.” Ex parte Rowe, 277 S.W.3d at 18. 
            The record reveals no evidence of a detainer prior to November 7, 2008, and therefore
Appellant was not confined “in this case” prior to that date. Accordingly, the trial court properly
calculated the time credit to Appellant. While we find defense counsel’s argument of a ministerial
duty intriguing, we leave changes in the law to the Legislature and the Texas Court of Criminal
Appeals. We overrule Issue One and affirm the trial court’s judgment.

June 8, 2011                                                                
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)