IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,162-03






EX PARTE BARNARD WASHINGTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-6704 IN THE 106TH DISTRICT COURT


FROM DAWSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
assault of a public servant and sentenced to ten years' confinement on count one and five years'
confinement on count two. Those sentences were ordered to run consecutively to a twenty-five year
sentence from Harris County. The Eleventh Court of Appeals affirmed these convictions. 
Washington v. State, No. 11-08-00250-CR (Tex. App.-Waco July 2, 2009).

 Applicant contends that he these sentences are being improperly calculated by the Texas
Department of Criminal Justice (TDCJ). He alleges that TDCJ is adding these sentences to his
twenty-five year sentence and calculating them as a single thirty-five year sentence. Neither of
Applicant's offenses occurred prior to September 1, 1987, so the sentences should not be treated as
one sentence. See Ex Parte Bynum, 772 S.W.2d 113 (Tex. Crim. App. 1989). Applicant has alleged
facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit explaining how Applicant's sentences are being calculated and the
rationale for such calculation. The affidavit shall state if Applicant has completely discharged any
of his sentences and detail the time credit given for each of his sentences. Finally, the affidavit
should indicate whether or not Applicant has submitted his claim to the time credit resolution system
of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant's sentences
are being properly calculated. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 16, 2013

Do not publish