

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,779-03

### EX PARTE LARRY DWAINE NEWTON JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09-2377-CR IN THE 25TH DISTRICT COURT
### FROM GUADALUPE COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to three years' imprisonment. He did not appeal his conviction.

Applicant contends that authorities in Guadalupe County placed a detainer on him while he was being held in Bexar County and that he has not been credited with this time. He also contends that he filed a mandamus application and motions for judgment *nunc pro tunc* in the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *See Ex parte Bynum*, 772 S.W.2d 113 (Tex. Crim. App. 1989); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App.

1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant filed a mandamus application and motions for judgment *nunc pro tunc* in the trial court and, if so, whether the trial court has responded to these. The trial court shall also determine whether authorities in Guadalupe County placed a detainer on Applicant from September 17, 2011 to July 19, 2012, while he was in Bexar County and, if so, whether Applicant has received presentence credit for this confinement. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 15 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 30 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 28, 2015
Do not publish