ACCEPTED
13-15-00152-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/17/2015 12:55:02 PM
CECILE FOY GSANGER
CLERK

## No. 13-15-00152-CR

IN THE

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/17/2015 12:55:02 PM
CECILE FOY GSANGER
Clerk

THIRTEENTH COURT OF APPEALS

OF TEXAS

AT CORPUS CHRISTI, TEXAS

---

**LEANDRE V. HILL**,
Appellant

**v.**

**THE STATE OF TEXAS**,
Appellee

---

TRIAL CAUSE  NO. 2012CR9686
APPEAL FROM THE 379TH DISTRICT COURT
BEXAR COUNTY, TEXAS
HONORABLE RON RANGEL, JUDGE PRESIDING

---

### APPELLANT'S BRIEF

RICHARD B. DULANY, JR.
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
ORAL ARGUMENT IS          (210) 335-0701
NOT REQUESTED             FAX (210) 335-0707
richard.dulany@bexar.org
Texas Bar No. 06196400

ATTORNEY FOR APPELLANT

## Identity of Parties and Counsel

Pursuant to TEX.R.APP.P. 38.1(a), the parties are as follows:

**LeAndre V. Hill** was the Defendant and is the Appellant.

The **State of Texas**, by and through the Bexar County District Attorney's Office, prosecuted this case and is the Appellee.

For the State:

At trial:    **Bill Pennington**
**Jessica Frazier**
Assistant District Attorneys
Bexar County District Attorney's Office
Paul Elizondo Tower
101 W. Nueva St., Fourth Floor
San Antonio, TX 78205

On appeal:  **Nicholas A. LaHood/Appellate Section**
Bexar County District Attorney's Office
Paul Elizondo Tower
101 W. Nueva St., Suite 710
San Antonio, TX 78205

For the Appellant:

At trial:    **James Tocci**
Law Office of James Tocci
222 South Flores St.
San Antonio, TX 78204

Daniel E. Perez
Law Office of Denise Martinez
222 S. Flores St.
San Antonio, TX 78204

On appeal:  **Richard B. Dulany, Jr.**
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 370
San Antonio, TX 78205

The Trial Court:
Hon. **Ron Rangel,** Judge Presiding
379th District Court
300 Dolorosa Street, Fourth Floor
San Antonio, TX 78205

# Table of Contents

Identity of Parties and Counsel ...................................................................................ii

Table of Contents ...................................................................................................iv

Index of Authorities ................................................................................................v

A Note on Record References...................................................................................vi

Certificate of Compliance with Word Limit...............................................................vi

Statement of the Case..............................................................................................1

Statement Regarding Oral Argument ........................................................................2

Issue for Review (Presented) ...................................................................................3

**The judgment should be corrected to give Hill credit on his sentence for all of the time that he remained in custody until he was sentenced.** ..........3

Statement of Facts ...................................................................................................4

Summary of the Argument.......................................................................................11

Argument..............................................................................................................12

Issue for Review (Restated)............................................................................. 12

Conclusion and Prayer for Relief.............................................................................16

Certificate Of Service.............................................................................................16

Appendix ..............................................................................................................17

# Index of Authorities

**Cases**

*Ex parte Bynum*, 772 S.W.2d 113 (Tex. Crim. App. 1989) .............................................. 12

*Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) ............................................. 12

*In re L.G.G.*, 398 S.W.3d 852 (Tex. App.—Corpus Christi 2012, no pet.) .......... 12, 13, 14

*Turner v. State*, 733 S.W.2d 218 (Tex. Crim. App. 1987)(en banc) ................................. 14

**Statutes**

TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a)(1) (West Supp. 2015) ........................... 12

TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2015) .......................................................... 1

**Rules**

TEX. R. EVID. 201 .............................................................................................................. 14

TEX.R.APP.P. 9.4(i)(1) ...................................................................................................... vi

TEX.R.APP.P. 9.4(i)(2)(B) ................................................................................................ vi

## A Note on Record References

The reporter's record in this case consists of seven volumes plus a supplemental volume. Volume 1 is the Master Index. Volume 6 is the exhibits volume. The supplemental volume contains the proceedings held on January 14, 2015. If the volumes were organized chronologically, the supplemental volume would be between Volume 2 and Volume 3 of the reporter's record.

References to the reporter's record will be: ([Volume Number] RR at ___ ). References to the supplemental reporter's record will be: (SRR at ___ ).

The clerk's record consists of the main volume, plus a supplemental volume that includes the amended Judgment. Reference to the clerk's record will be: (CR at ___ ). Reference to the supplemental clerk's record will be: (SCR at ___ ).

## Certificate of Compliance with Word Limit

Pursuant to TEX.R.APP.P. 9.4(i)(1) & (i)(2)(B), the word count, from the beginning of the Statement of Facts until, but excluding, the signature block, is: 2,476. The total word count is 3,471.

TO THE COURT OF APPEALS FOR THE FOURTH COURT OF APPEALS DISTRICT OF TEXAS:

This brief is filed on behalf of Appellant, LeAndre V. Hill, by Richard B. Dulany, Jr., an Assistant Public Defender with the Appellate Unit of the Bexar County Public Defender's Office. This is an appeal from a finding of guilt after a non-jury trial.

## Statement of the Case

Appellant, LeAndre V. Hill, was charged by indictment with one count of burglary of a habitation, a second-degree felony.[1] (CR at 5). The offense was alleged to have been committed in Bexar County, Texas, on or about January 9, 2012. (CR at 5). Hill waived his right to a jury trial and pleaded not guilty. (2 RR at 5). The trial court found Hill guilty of the charged offense and sentenced him to six years of imprisonment with a $2,500 fine. (4 RR at 27)(SCR at 3).

The trial court accurately certified that Hill has the right of appeal. (CR at 33). Trial counsel timely filed a written notice of appeal on Hill's behalf. (CR at 37). The Bexar County Public Defender's Office was appointed to represent Hill on appeal (CR at 38), and this appeal follows.

---

[1] TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2015).

1

## **Statement Regarding Oral Argument**

The issue raised in this appeal may be determined from the record and cited authority alone. For that reason, undersigned counsel does not request oral argument, but will present oral argument if it is requested by the State.

## Issue Presented for Review (Presented)

**The judgment should be corrected to give Hill credit on his sentence for all of the time that he remained in custody until he was sentenced.**

## Statement of Facts

Hill waived the right to a jury trial. (2 RR at 5). The bench trial began on January 13, 2015. Hill pleaded "not guilty" to the charged offense. (2 RR at 5). **Terin Quijano** was the State's first witness. Quijano lived in the Camden Apartments on Bandera Road. (2 RR at 9). His apartment was on the second floor, but the front door was on the ground level at the bottom of a stairwell. (2 RR at 12). On January 9, 2012, Quijano was sleeping late. (2 RR at 9, 13). A loud noise woke him up. (2 RR at 14). He heard the noise "[t]hree or four times at least." (2 RR at 48). He looked out the front window of his apartment and saw a man standing outside, near his front door. (2 RR at 15). The man looked up and Quijano saw his face. (2 RR at 15). Quijano explained that he was prepared by "military style training" to be alert and think clearly immediately upon waking. (2 RR at 48).

Quijano went downstairs and opened his front door. He saw dirt on the door and noticed that it was damaged. (2 RR at 16). To Quijano, it seemed like "some force" had been applied to his door. (2 RR at 16). He realized that someone tried to break into his apartment. (2 RR at 18). Quijano went back upstairs and looked out his window again. The man had left, but Quijano saw an unfamiliar black Volvo car in the parking lot. (2 RR at 21). The car was backed into the parking spot, which was unusual for the apartment complex. (2 RR at 21). Quijano saw the car

4

pull out of the parking spot as if the driver was in a hurry to get away. (2 RR at 22).

Quijano couldn't see who was in the black car, but he immediately called 9-1-1 and provided the license-plate number, a description of the car, and a description of the man he had seen standing near the front door of his apartment. (2 RR at 22). Right away, he heard police sirens and saw a police car outside the apartment complex. (2 RR at 23). Almost immediately, he received a phone call from one of the police officers who had stopped the black car. (2 RR at 24). He estimated that all of these events happened within two minutes. (2 RR at 24). The police came to his apartment and then took him to the station to make a statement. (2 RR at 27).

At the police station, Quijano identified the man he had seen standing in front of his apartment. Quijano recognized both his clothing and physical appearance. (2 RR at 28). Quijano remembered that the man wore "gym shorts and sandals and socks." (2 RR at 28). He said that the police did not try to unfairly influence his identification. (2 RR at 49). A photograph of the person Quijano identified was admitted as State's Exhibit 10. (2 RR at 50). Quijano was confident that his identification was accurate. (2 RR at 50). In the courtroom, Quijano identified Hill as the same person he saw in front of his apartment and again at the

5

police station. (2 RR at 51). On cross examination, Quijano agreed that he didn't see Hill carrying any property. (2 RR at 57).

**Sheila Meola** is a San Antonio police officer. (2 RR at 62). On January 9, 2012, she heard a call for a burglary in progress. The dispatcher said a black Volvo was involved, and provided the license-plate number and a description of the suspect. (2 RR at 65). Meola was already very near the apartment complex on Bandera Road. (2 RR at 64). She started to turn toward the apartments and saw the black Volvo. (2 RR at 65). She pulled in front of the Volvo and stopped it. (2 RR at 66, 68). She saw mud on the tires and saw tracks where the driver had cut through a muddy field near the apartment complex. (2 RR at 67). That was unusual. (2 RR at 67).

Meola said the license plate number on the car differed from the number given by the dispatcher by only one letter. (2 RR at 69). Meola removed the driver from the black Volvo and handcuffed him. (2 RR at 70). He was black. (2 RR at 67). She didn't realize that there was a passenger in the car until later because the tint on the window was very dark. (2 RR at 70). She saw a flat-screen television in the back seat. (2 RR at 70). A second officer, Officer Sandoval, arrived and handcuffed the passenger. (2 RR at 71). Meola identified Hill in the courtroom as the driver of the black Volvo. (2 RR at 72). After Hill and the passenger were detained, Meola found a gym bag in the Volvo with a business-card attached to it.

6

(2 RR at 73). She called the person named on the card and learned that he lived in the same apartment complex as Quijano. (2 RR at 74). Meola then took Hill to the police station. (2 RR at 76).

**Jordan Korphage** was another resident of the apartment complex on Bandera Road. (2 RR at 91). He lived in the apartment below Quijano. (2 RR at 94). On January 9, 2012, Korphage locked the apartment when he left and did not give anyone permission to enter or take his property. (2 RR at 99-100). The police called him shortly after noon that day. He returned to his apartment and met police officers there. (2 RR at 93). He saw that his TV, some DVD's, and a laptop computer were missing. (2 RR at 93). There was mud on the carpet in the living area and the door frame was broken as if the door had been kicked open. (2 RR at 93-94). The police recovered his TV, gym bag, and other property. (2 RR at 97).

Detective **Augustin Garcia** was dispatched to the burglary. (2 RR at 106). He saw that Officers Meola and Sandoval had the suspects in the black Volvo under control, so he went on to the apartment complex. (2 RR at 108). Garcia spoke to Quijano and then saw that an apartment adjacent to his had been broken into. (2 RR at 112). Garcia saw a "huge footprint" on the door. (2 RR at 113). Quijano's door also had a muddy footprint. (2 RR at 114, 122). Garcia took photographs of footprints in the mud around the apartments. (2 RR at 117, 122). He also took photographs of Hill's sandals. (2 RR at 116). State's Exhibits 51 and

7

52 show the tread pattern on the soles of the sandals. (2 RR at 122). Those exhibits were admitted without objection. (2 RR at 123). Garcia believed that a detective instructed him to take photographs of the shoeprints and the sandals because they were the same shoes that left the prints at the crime scene. (2 RR at 122).[2]

The State rested. (SRR at 12). Defense counsel's motion for a directed verdict was denied. (SRR at 20).

Detective **Ronald Davis** was Hill's first witness. (SRR at 21). There were two suspects: Hill and Patrick Freeman. (SRR at 22). Davis interviewed both of them at the police station. (SRR at 31). He believed Freeman was involved in the burglary, but he "just didn't have the proof." (SRR at 34). On cross examination (by the prosecutor) Davis said that Hill did not deny that he had been in front of the burglarized apartments, and did not deny that the black Volvo was his car. (3 RR at 8). Davis also said that Hill's sandals made the shoe prints photographed at the crime scene. (3 RR at 10).

Defense counsel wanted to call Patrick Freeman as a witness, but Mr. Freeman invoked his Fifth Amendment right not to testify. (3 RR at 23). The defense rested. (3 RR at 34). The State recalled Detective Davis. (3 RR at 35). Davis made video recordings of his interviews with both Hill and Patrick Freeman.

---

[2] State's Exhibits 49 and 50 are photographs of the shoe prints found outside the burglarized apartment. They were admitted without objection. (2 RR at 118).

(3 RR at 36). The video recording of the interview with Hill was admitted without objection as State's Exhibit 55A. (4 RR at 4).

The State and defense closed. (4 RR at 14). The trial court found Hill guilty of the charged offense. (4 RR at 27).

Hill was sentenced by the trial court several weeks later, on February 24, 2015. (5 RR at 1). The punishment hearing was held in conjunction with the probation-revocation hearing in cause number 2009CR10328, also a burglary case.[3] (5 RR at 4). **Mr. Hill** was sworn and told the trial court, "I had the stolen property in my vehicle. It was in my vehicle. I never denied that." (5 RR at 17). But Hill denied committing the burglary. (5 RR at 17). On cross examination, Hill also denied having anything to do with burglaries in Georgia. He said he agreed to a sentence of "banishment" because he was told he was going to be charged with other cases in Georgia as well. (5 RR at 22). Hill said he did not commit the burglary that he was on probation for, in cause number 2009CR10328, but "took the [deferred-adjudication] probation to avoid the conviction." (5 RR at 26). He did admit that he possessed stolen property. (5 RR at 27). Hill said he was not guilty of any of the burglaries that he had been charged with, neither in Georgia nor in Bexar County. (5 RR at 28).

---

[3] The appeal from the burglary conviction in cause number 2009CR10328 is now pending before the Fourth Court of Appeals of Texas in cause number 04-15-00164-CR, styled *LeAndre V. Hill v. The State of Texas*.

9

The trial court sentenced Hill to six years of imprisonment in this case with a $2,500 fine. The trial court gave Hill "credit for the time that you've served," and ran the sentence concurrent with the two-year sentence imposed in cause number 2009CR10328. (5 RR at 35). The judgment states that Hill had exactly one day of time credited for prior incarceration, on January 10, 2012. (SCR at 3). This appeal follows.

## Summary of the Argument

**Issue for Review (Summarized):**

Hill was sentenced in both this case and a second burglary case, cause number 2009CR10328, in a single proceeding. (5 RR at 4). The judgment in cause number 2009CR10328 shows that Hill was incarcerated from April 8, 2012 to March 18, 2014. Yet that period of incarceration was omitted from the judgment in this case. Because Hill is entitled to back-time credit for all time he spent in jail prior to sentencing, this Court should take judicial notice of the judgment from cause number 2009CR10328 (because it is a related proceeding with the same parties) and modify the judgment in this case to reflect that Hill should receive back-time credit for all the time that he was incarcerated before he was sentenced.

**Argument and Authorities**

**Issue for Review (Restated)**

> **The judgment should be corrected to give Hill credit on his sentence for all of the time that he remained in custody until he was sentenced.**

In his sole issue for review, Hill asserts that the judgment should be corrected to show that the trial court awarded back-time credit for the period from April 8, 2012 to March 18, 2014, when Hill was physically confined in the county jail in this case before sentencing.

**Applicable law:**

Pursuant to Article 42.03, Section 2(a), a defendant is entitled to credit for all time spent "in jail for the case." TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a)(1) (West Supp. 2015); *see Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) ("It is settled that an individual is entitled to all time spent in jail 'on said cause.'"). "The trial court is required to grant the [defendant] pre-sentence jail time credit when [the] sentence is pronounced." *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).

This Court has held that "[t]he preferred practice is for the trial court to award pre-sentence time credit and for the trial court to correct any errors in the amount of time credit awarded by judgment nunc pro tunc." *In re L.G.G.*, 398 S.W.3d 852, 863 (Tex. App.—Corpus Christi 2012, no pet.). But "…an appellate

12

court ordinarily has the power to correct a clerical error in a judgment when the evidence necessary to correct the judgment appears in the record on direct appeal. As such, the appellate court is permitted to correct the clerical error in the amount of time credit awarded, notwithstanding the fact that no motion for judgment nunc pro tunc was filed in the trial court." *Id*. (internal citation omitted).

**Factual background:**

The punishment hearing in this case was held in conjunction with the probation-revocation hearing in cause number 2009CR10328 (which is also a burglary case), in a single proceeding. (5 RR at 4). The trial court pronounced sentence in the two cases as follows:

**2009CR10328:**

The trial court revoked deferred-adjudication probation in cause number 2009CR10328, found Hill guilty of the burglary charged in that case. (5 RR at 34). The trial court pronounced sentence as follows: "I assess punishment at two years' confinement in a state jail facility; grant you credit for all the time you've served; run it concurrent with 2012-CR-9686; pronounce your sentence as satisfied." (5 RR at 34).

**2012CR9686:**

The trial court pronounced sentence in this case as follows: "I assess punishment at six years' confinement in the Texas Department of Corrections,

Institutional Division; assess a fine of $2500; grant you credit for the time that you've served. I'll run it concurrent with 2009-CR-10328." (5 RR at 35).

**The judgment should be modified to include the omitted back-time credit:**

The judgment in this case recites that Hill was incarcerated for only one day (on January 10, 2012) before he was sentenced. (SCR at 3). Yet the judgment in cause number 2009CR10328 shows that Hill was also incarcerated from April 8, 2012 to March 18, 2014.[4] By reference to the judgment in cause number 2009CR10328, Hill has provided this Court with "sufficient information" to calculate the back-time credit that should have been included in the judgment in this case. Because Hill is entitled to back-time credit for the entire time he was in custody before sentencing, the judgment should be amended to show that Hill was also in custody from April 8, 2012 to March 18, 2014. *See In re L.G.G.*, 398 S.W.3d at 864 (modifying trial court's transfer order in a juvenile prosecution to award erroneously omitted back-time credit because record included "sufficient

---

[4] Hill asserts that this Court may take judicial notice of the judgment in cause number 2009CR10328 because that case involves the same parties as the instant case, and because the trial court pronounced sentence in both cases in a single proceeding. TEX. R. EVID. 201; *but cf. Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987)(en banc) ("…although an appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, [internal citations omitted] the general rule is that an appellate court cannot go to the record of another case for the purpose of considering testimony found there but not shown in the record case before it."). The judgment from cause number 2009CR10328 is part of the clerk's record in case number 04-15-00164-CR, currently pending in the Fourth Court of Appeals of Texas. It is also provided as an appendix to this brief.

information" to determine the exact amount of time that should have been awarded).

## Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the judgment be reformed to give him credit for the entire time that he spent in jail prior to sentencing, and prays for all other relief to which he is entitled.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.
Texas Bar No. 06196400
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

ATTORNEY FOR APPELLANT

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellant's Brief has been delivered electronically to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **August 17, 2015**.

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.

16

**Appendix:  Judgment Adjudicating Guilt, Cause Number 2009CR10328**





No. 2009CR10328   COUNT
INCIDENT No./TRN: 9103983455

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE 379TH DISTRICT | |
| | § | | |
| VS. | § | COURT | |
| | § | | |
| LEANDRE V HILL | § | BEXAR COUNTY, TEXAS | |
| | § | | |
| STATE ID No.: TX7546877 | § | | |

## JUDGMENT ADJUDICATING GUILT

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. RON RANGEL | Date Judgment Entered: | 02-24-2015 |
| Appearances: Attorney for State: | HELEN PETRY WILLIAM HENRY PENNINGTON III | Attorney for Defendant: | JAMES VINCENT TOCCI |

Date of Original Community Supervision Order:
10-20-2011

Statute for Offense:
30.02 (A)(C)(1)PC

Offense for which Defendant Convicted:
BURGLARY BUILDING-INTENT THEFT

| | | |
|---|---|---|
| Date of Offense: 03-20-2009 | Conditions Violated: #15 AS SET OUT IN THE STATE'S MOTION TO ADJUDICATE. | |
| Degree: STATE JAIL FELONY | Plea to Motion to Revoke: TRUE Finding Of Court: TRUE | Findings on Deadly Weapon: |

Terms of Plea Bargain:
NO PLEA AGREEMENT

| | | |
|---|---|---|
| Date Sentence Imposed: | 02-24-2015 | Date Sentence to Commence: 02-24-2015 |

Punishment and Place of Confinement:  2 YRS TDCJ-SJD AND A FINE OF $ 1,500.00 IMPRISONED ( STATE JAIL):

THIS SENTENCE SHALL RUN CONCURRENT WITH 2012CR9686 IN BEXAR COUNTY, TEXAS

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR   N/A

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 1,500.00 | $ 2,100.00 | $ 0.00 | ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was  .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | | | | | | |
|---|---|---|---|---|---|---|
| | From: 01/04/2010 | To: 01/04/2010 | From: 06/09/2011 | To: 06/11/2011 | From: 04/08/2012 | To: 03/18/2014 |
| Time Credited: | From: 02/24/2015 | To: 02/24/2015 | From: | To: | From: | To: |
| | From: | To: | From: | To: | From: | To: |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.
NOTES: N/A

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of **YEARS** ;(4) The Court assessed a fine of $ N/A; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's **ORIGINAL** Motion to Adjudicate Guilt as follows:

Accordingly, the Court GRANTS the State's Motion to Adjudicate the Defendant's Guilt in the above cause. FINDING the Defendant committed the offense on the date as noted above, the Court **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

[X] **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the **Bexar County District Clerk**. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of **Bexar County**, Texas on the date the sentence is to commence. Defendant shall be confined in the **Bexar County** Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the **Bexar County District Clerk**. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

### Execution / Suspension of Sentence (select one)

[X] The Court **ORDERS** Defendant's sentence **EXECUTED**.

[ ] The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED**. The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

N/A

FEB 2 4 2015

Signed and entered on this _____ day of _____ 20_____

Notice of Appeal: _____

JUDGE PRESIDING
**RON RANGEL**
379TH DISTRICT COURT
BEXAR COUNTY, TEXAS

Clerk: **13756**

DC2009CR10328

57          ORIGINAL          2009CR10328-ADJGLT